**BENDER MOTOR CO. v. ROWAN.** *

No. 947.

Court of Civil Appeals of Texas. Waco.

Nov. 13, 1930.

Rehearing Denied Dec. 18, 1930.

Witt, Terrell & Witt, of Waco, for appellant.

Jos. W. Hale and George Clark, both of Waco, for appellee.

STANFORD, J.

This suit was filed by appellee, N. W. Rowan, against appellant, Bender Motor Company, a corporation, to recover damages alleged to have been sustained by appellee by reason of personal injuries, damages to his bicycle. and hospital and medical bills, all resulting from a collision in the city of Waco between an automobile owned by appellant, and being driven by one Ezra Fikes, and appellee, who was riding a bicycle. There are two grounds for recovery alleged. The first, which the jury found to be true, was:

First, that Ezra Fikes, on and prior to July 4, 1928, was a reckless driver;

Second, that the Bender Motor Company, through its authorized agent or agents, did know that Ezra Fikes was a reckless driver;

Fourth, that it was negligence on the part of the defendant to permit the said Ezra Fikes to drive said automobile on the occasion in question;

Fifth, that such negligence was the proximate cause of the injury.

The second ground of recovery, which the jury found to be true, was:

Sixth, that the brakes on the car in question were in a worn condition and out of adjustment on July 4, 1928, when Ezra Fikes was permitted to use said car;

Seventh, that such condition of said brakes rendered said car a dangerous instrument while being operated on the highways by Ezra Fikes;

Eighth, that the Bender Motor Company, through its authorized agent or agents, knew that said brakes on said car were in a worn condition and out of adjustment on July 4, 1928, and such as to render the car a dangerous instrument while being operated by Ezra Fikes at the time they permitted Ezra Fikes to use said car;

Tenth, that such condition of said brakes was the proximate cause of the injuries to plaintiff;

Eleventh, that the plaintiff N. W. Rowan was injured as a direct and proximate result of the collision in question;

Thirteenth, that the plaintiff N. W. Rowan did not fail to keep a reasonable and proper lookout at the time and place of the accident for his own safety;

Sixteenth, the injuries to plaintiff were not due to an unavoidable accident.

On these findings of the jury the court entered judgment for appellee, from which

*Writ of error granted.

judgment appellant has duly appealed and presents the record here for review. We will not attempt to dispose of appellant's assignments in their regular order.

Under its fifth proposition appellant contends, in effect, that as there was no finding by the jury to the effect that the negligent driving by Ezra Fikes on the occasion in question was a proximate cause of the injury, the trial court erred in rendering judgment for appellee. Under other propositions appellant contends, in effect, that the defective condition of the brakes on the car in question can constitute no ground for recovery, because not pleaded as such, and because such defective condition of the brakes could not have been a proximate cause of the injury. We will discuss these two propositions together.

The record shows the said Ezra Fikes had been in the services of appellant for some time prior to the injury to appellee, but on the date of the injury and at the time thereof the said Fikes was not doing or performing any services of any kind for appellant, and had borrowed the car in question to use and was using same at the time of the injury for his own purposes and pleasure. It is true the jury found that Ezra Fikes was a negligent driver, and that appellant knew he was such negligent driver, and that knowing said fact it was negligence on the part of appellant in intrusting its car to be operated by Fikes, and that such negligence on the part of appellant was the proximate cause of the injury. But suppose Fikes was, generally, a negligent driver, and appellant so knew, and that appellant was negligent in intrusting its car to Fikes, but that on the occasion of the injury Fikes was not guilty of any negligence, or not guilty of any negligence proximately causing or proximately contributing to the injury, on what theory could appellant be liable? On what theory could it be said the negligence of appellant, standing alone, in intrusting said car to Fikes, was the proximate cause of the injury? The fact that appellant was negligent, in intrusting its car to Fikes, standing alone, could not constitute said act the proximate cause of the injury. If Fikes had not used the car, it is certain the negligence of appellant in intrusting it to him could not have been the proximate cause of the injury. It is likewise true, if Fikes did use it, but was guilty of no negligence in its use, appellant's negligence in intrusting the car to him could not have been the proximate cause of the injury. It requires both negligence on the part of appellant in loaning the car to Fikes, knowing he was a negligent driver, and negligence on the part of Fikes in its operation, in order to make appellant liable. Parker v. Wilson, 179 Ala. 361, 60 So. R. 150, 153 (par. 7), 43 L. R. A. (N. S.) 87; Jones v. Harris et ux., 122 Wash. 69, 210 P. 22, 24; Mitchell et al. v. Churches, 119 Wash. 547, 206 P. 6, 36 A. L. R.

1132; Elliott v. Harding, 107 Ohio St. 501, 140 N. E. 338, 36 A. L. R. 1128 to page 1148: Wilson v. Brauer, 97 N. J. Law, 482, 117 A. 699. See also Cyclopedia of Automobile Law, Vol. 2, p. 1332, and cases cited; Gardiner v. Solomon, 200 Ala. 115, 75 So. 621, L. R. A. 1917F, 380.

In the case first above cited the court says:

"In the case of a mere permissive use, the liability of the owner would rest, not alone upon the fact of ownership, but upon the combined negligence of the owner and the driver, negligence of the one in intrusting the machine to an incompetent driver, of the other in its operation."

In the second case cited, the court says:

"While an automobile is not regarded in law as an inherently dangerous instrumentality, and the owner thereof is not generally liable for its negligent use by another, to whom he loans or intrusts it for that other's purposes, yet there is an exception to the rule. If the owner loans or intrusts his automobile to another person, even for that person's purposes, who is so reckless, heedless, or incompetent in his operation of automobiles as to render the machine while in his hands a dangerous instrumentality, he is liable if he knows, at the time he so intrusts it, of the person's character and habits in that regard. The liability in such instances rests upon the combined negligence of the owner and of the operator; negligence of the one in intrusting the automobile to an incompetent person, and of the other in its negligent operation."

The above seems to be the well-settled rule in most of the states. In such cases in order to establish liability against the owner of the car, it is essential to show that the driver was also negligent and that his negligence also was a proximate cause of the injury.

The jury found in answer to the first question "that on and prior to July 4, 1928, Ezra Fikes was a reckless driver," and that the Bender Motor Company knew he was a negligent driver. But there is no finding that Fikes was guilty of any negligence in his driving on the occasion of the injury; and, if he was, that such negligence was a proximate cause of the injury. Both of these findings are essential to authorize a judgment against the Bender Motor Company.

As to the defective condition of the brakes on said car, appellee did plead fully the defective condition of the brakes on the car in question, alleging, in substance, that by reason of said defective condition of the brakes, said car was a dangerous instrumentality to be driven upon the streets and public highways; that the brake bands were so worn and out of adjustment that it was impossible to stop the car within a reasonable distance; that the condition of the brakes

made said car unmanageable and uncontrollable under ordinary driving conditions, etc. To predicate liability upon the owner on the theory that he permitted the operation of a defective automobile, it must be shown, not only that the car was defective, and that its condition was known by the owner or could have been known by the exercise of ordinary care, but that the owner was negligent in permitting it to be operated upon the streets and highways in such defective condition, and that such negligence was the proximate cause of the injury. In this case there is no finding by the jury that appellant was negligent in permitting its car to be operated with defective brakes on the streets and highways under the conditions shown, and that such negligence was the proximate cause of the injury. Texas Co. v. Veloz (Tex. Civ. App.) 162 S. W. 377; Tannahill v. Depositors' Oil Co., 110 Kan. 254, 203 P. 909; Foster v. Farra, 117 Or. 286, 243 P. 778. We sustain the above contentions of appellant.

Under its fourth proposition appellant contends the court erred in submitting issues Nos. 7, 8, and 9, because same limit the use of said automobile to Ezra Fikes, when said issues should have been submitted generally as to whether or not said car was a dangerous instrument while being operated on the highways by any person. It must be conceded that as to whether or not an automobile is a dangerous instrument depends largely upon how it is operated, and the automobile in question might have had defective brakes and still if it was not being operated it could not be a dangerous instrument, and even though the brakes were defective if it was operated by a very cautious driver at a very low rate of speed, it could not be a dangerous instrument while being so operated by such person. But if a car is being operated at a high rate of speed, and especially if by a reckless driver, it is all the more important that the brakes be in good condition. In passing upon the question as to whether or not the condition of the brakes rendered said car a dangerous instrument, it was important for the jury to know the characteristics of the driver as to being a careful and cautious, or fast and reckless, driver. Appellant's contention here made is not well taken and is hereby overruled.

Under its first proposition appellant contends, in effect, that the trial court erred in defining the term "through its authorized agent or agents" as used in special issues Nos. 2, 3, 8, and 9, as follows: "By the term 'authorized agent' as used in this charge is meant an employee of the Bender Motor Company with authority to act on behalf of the company." This definition, we think, is subject to the criticism made by appellant. Upon another trial, the court should define

said term in more explicit language, applicable to this case, such as: "An employee of the Bender Motor Company with authority to act on behalf of the company in the matter of loaning its cars to others, or in the matter of having its cars repaired"; or, in some similar language make it more definite what is meant by an agent with authority to act on behalf of the company.

Under its second proposition appellant contends, in effect, that the court erred in submitting special issue No. 2, as follows: "Did the Bender Motor Company, through its authorized agent or agents, know that Ezra Fikes was a reckless driver, if you have found he was such reckless driver?" Because there was no evidence to raise such issue. We have examined the record carefully and have concluded that the evidence was sufficient to raise the issue here submitted, and overrule this contention.

There are other errors assigned, but the same will likely not arise upon another trial.

For the errors shown under appellant's first two propositions above discussed, the judgment of the trial court is reversed, and the cause remanded for another trial.