## ROWAN v. BENDER MOTOR CO.
### No. 1556—5887.

Commission of Appeals of Texas, Section A.
June 9, 1932.

Joseph W. Hale and George Clark, both of Waco, for plaintiff in error.

Witt, Terrell & Witt and Albert Riley, all of Waco, for defendant in error.

### HARVEY, J.

In this case the plaintiff in error, N. W. Rowan, recovered in the trial court a judgment for damages against the defendant in error, the Bender Motor Company. The latter appealed, and the Court of Civil Appeals reversed the judgment of the trial court and remanded the cause. 33 S.W.(2d) 263. No fundamental error appears in the record. The judgment of reversal was based on grounds of error which are not fundamental and which were not covered by any assignment of error contained in the brief filed in that court by the motor company. No assignment of error at all was copied in said brief. According to the holding in Clonts v. Johnson, 116 Tex. 489, 294 S. W. 844, the consideration, by the court, of assignments of error not copied in the brief, as prescribed by Court of Civil Appeals Rule 32, was unauthorized. The judgment rendered by the Court of Civil Appeals, therefore, will have to be reversed. It appears, however, that while the case was under submission in that court, the motor company, on August 21, 1930, duly filed a motion for leave to amend its brief so as to incorporate therein the assignments of error contained in the transcript, and upon which the motor company relied as presenting grounds for reversal. On August 26, 1930, Rowan filed answer to said motion, in which he resisted the granting of said motion. On November 13, 1930, the said court entered an order granting the motor company's motion for leave to amend its brief, and at the same time entered judgment reversing the judgment of the trial court, and remanding the cause. It thus appears that the motor company was not afforded an opportunity, before the case was decided, to amend its brief in accordance with the permission which the court granted. That the court had authority to grant the permission it did, we do not doubt. The amendment of briefs in the Court of Civil Appeals, so as to make them conform to court rules, is a procedural matter which is subject to the court's control, in the exercise of judicial discretion. Rules 37 and 40, Court of Civil Appeals.

We recommend that the judgment rendered by the Court of Civil Appeals be reversed, but, in our opinion, the cause should be remanded to that court for further consideration, and we so recommend.

### CURETON, C. J.

Judgment of the Court of Civil Appeals reversed, and cause remanded to that court for further consideration, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.