## McDONALD v. WILCOX.

### No. 2322.

Court of Civil Appeals of Texas. Eastland.

Dec. 18, 1942.

Williamson & Nordyke, of Stephenville, for appellant.

C. O. McMillan, of Stephenville, for appellee.

FUNDERBURK, Justice.

A. H. Wilcox's minor son, George Wilcox, while driving A. H. Wilcox's automobile, collided with C. A. McDonald's automobile, at the time being driven by the latter's daughter, Joanna. To recover damages resulting from injuries to the McDonald car, C. A. McDonald brought this suit in Justice Court against said A. H. Wilcox. Upon the trial in County Court, upon appeal from Justice Court, judgment upon a directed verdict was rendered for Wilcox, from which McDonald has appealed to this Court.

But one point is urged as a ground for a reversal of the judgment. The nature of appellant's contention is better revealed by the following quotation from the "Statement Under Appellant's First Point", than by the statement of the point itself. We quote: "Under the pleadings and the evidence the question was raised, and became an issue of fact, as to whether or not the Defendant's son George Wilcox, was in the performance of a mission of educational, social, spiritual, [sic.] affecting the community welfare, in which the father was directly interested, and together with his knowledge and consent to his son driving the car on such occasion, was such as would make liable the Defendant for the injury and damage resulting from the Tort of his son." Evidently intended as a substantial

repetition of the above in different language, appellant in his argument under the point says: "We contend that the evidence of Joanna McDonald and A. H. Wilcox was sufficient to show that George Wilcox was at the time, using the car to go to and from the College to study. That he was on his way back home and to pass by and pick up his father. This, together with the pleadings, raised an issue of fact as to whether or not the Defendant's son, George Wilcox, was in the discharge of or performance of a mission which might involve the moral, intellectual, and material welfare of the child, and in which the father, Defendant, had a direct interest, and such instructed verdict by the Court clearly invaded the province of the jury."

■■ The reference to "evidence of Joanna McDonald" was evidently a mistake. According to the statement of facts, she gave no testimony of the character suggested. In Margaret Porter's testimony, which probably was the evidence accredited to Joanna McDonald, is this sentence: "George Wilcox testified in a former trial that he had been to the dormitory studying and was on his way to Mr Burnett's, the Superintendent of the Stephenville Schools." Upon the issues, the existence of evidence to support, which is the subject of present consideration, the testimony above quoted was heresay and, therefore, incompetent. Even in the absence of any objection thereto, it was not proper to be taken into consideration by the Court in determining whether he should give the peremptory instructions. Henry v. Phillips, 105 Tex. 459, 151 S.W. 533; United States Fidelity & Guaranty Co. v. Inman, Tex. Civ.App., 65 S.W.2d 339, and authorities cited.

Such testimony, even if competent, wholly failed to show that the son was on his way to Superintendent Burnett's for any purpose relating to his father, the defendant. We are unable to find anything in the reported testimony of A. H. Wilcox which seems to us to be susceptible to the construction contended for by appellant. We, therefore, conclude that even if appellant be correct in his views to the law, it would not follow that the Court erred in directing the verdict for the Defendant.

■ On the law of the case, the only authority cited and apparently relied upon is the following statement from the opinion in Trice v. Bridgewater, 125 Tex. 75, 81 S.W.2d 63, 67, 100 A.L.R. 1014: "The

question or liability of a father, if any, for negligent acts of his child while driving the family car in furtherance of * * * some business mission which may involve the moral, intellectual, and material welfare of the child or other members of the family, and in which matter the father has a direct interest, is in no manner to be affected by this decision." The question decided in the case cited was that the "family purpose doctrine" is not recognized in this state. The language neither asserts, nor implies, the existence of an independent ground of liability based upon the facts recited. The qualifying words "if any" prevent any implication to such effect. The clear meaning of the language is to the effect that no such question is decided by the opinion. The opinion is, therefore, no authority, one way or the other, as relating to the question here raised by appellant.

■■ We have made some investigation to ascertain, if we could, the reason why it was deemed necessary or advisable to mention that a question of such liability "if any" was not determined by the opinion. Such investigation has not been entirely successful. So far as found, the only case mentioning the fact of the father's interest in a business or mission in connection with the subject, under discussion is Olberg v. Kroehler, 8 Cir., 1 F.2d 140, 144. That is a case recognizing a modified "family purpose doctrine", and which, in fact, dealt with agency as the basis of liability. The case of Foster v. Farra, 117 Or. 286, 243 P. 778, 779, involved an application of the "family purpose doctrine" and referred to the child's driving a car to attend school, as showing a use of the car for a family purpose, rather than, an exclusive purpose of the child. It seems that in some jurisdictions which recognize to some extent the family purpose doctrine, it is held that at the time the child must be using the car for a family purpose as distinguished from an individual purpose of the child. We have been unable to find any decisions which seem to us to recognize a basis of liability, independently of the family purpose doctrine or of liability based upon the doctrine of respondeat superior. It is our considered judgment that in a jurisdiction rejecting the family purpose doctrine, the only basis of liability of a father, guilty of no negligence himself, for the negligent acts of a minor child in the operation of the father's automobile, is the existence of a relation of principal and agent, or master and servant,

and the fact of the operation of the car within the scope of such agency or employment.

Being of the opinion that no material error has been shown and that the judgment should be affirmed, it is accordingly so ordered.