## COTTERLY v. MUIRHEAD.

### No. 15303.

Court of Civil Appeals of Texas.
Fort Worth.

Dec. 21, 1951.

Rehearing Denied Jan. 18, 1952.

Wayne Somerville, and Ralph P. Mathis, both of Wichita Falls, for appellant.

Milburn E. Nutt, of Wichita Falls, for appellee.

HALL, Chief Justice.

This personal injury suit was filed by appellee T. A. Muirhead against appellant E. F. Cotterly, and his son Gerald, alleging that Gerald Cotterly, the minor son of appellant, unlawfully drove appellant's jeep automobile into the car in which his wife Mamie was riding, thereby personally injuring her.

The jury, by their answers to issues submitted to them, convicted appellant's son of various acts of negligence, which it found each to be a proximate cause of the injury. The trial court entered judgment for appellee and against both defendants in the sum of $1700, in accordance with the jury's finding. Said judgment became final as against defendant Gerald Cotterly.

Appellant's appeal is predicated upon five points. They are, in substance, there is no proof of "master and servant" or "principal and agent" existing between him and his son, and that the "family purpose doctrine" does not apply in Texas; there was no evidence or at least the evidence was insufficient to show that Gerald Cotterly was acting at the time of the collision for the use and benefit and in the furtherance of family affairs of appellant; the trial court erroneously allowed appellee to introduce testimony showing a compromise and settlement made by appellant and a third party, owner of the car in which appellee's wife was riding.

Appellant neither testified nor introduced any testimony except the written release made to him executed by owner of the car in which appellee's wife was riding and also a check which he paid the third party for damage done to said car.

Appellant allowed testimony to be introduced, without objection, to the effect that he paid the third party for damages to his car, plus his introduction of the above written instruments. Therefore, he is bound by such testimony, and cannot now complain because same was introduced in evidence. He cannot take advantage of his own wrong. Appellant further plead as a fact that he settled for damage done to the third party's car.

These points are overruled.

The facts are undisputed, and the jury found, among other findings, that appellant was the legal owner of the jeep motor vehicle in question; that same was being driven for the use and benefit of appellant; that appellant's son drove said motor vehicle in a reckless manner; that he failed to use proper care in driving said motor vehicle; that he drove said car at an excessive rate of speed and same was negligence; and that he failed to keep a proper lookout; that the brakes on appellant's motor vehicle were not maintained in a proper condition of adjustment at the time in question; that failure to keep them so properly maintained was negligence, each of which was a proximate cause of the injury sustained by appellee's wife; and that the injury received was not the result of an unavoidable accident.

The undisputed facts are that appellant's son was driving the car and using it daily to take himself and his fourteen year old sister to different schools; that a third party was also contributing to the expense of the automobile in order to have his son taken to school.

We believe that the above facts take the case out of the "family purpose doctrine" rule which no longer applies in

Texas, because such testimony established a relationship of principal and agent between appellant and his son.

Appellant contends, however, that such facts fall within the "family purpose doctrine" rule because there is no evidence which establishes a relationship of "principal and agent" or "master and servant" between him and his son and therefore he should not be held liable.

■ The "family purpose doctrine" rule is in substance that when the head of the family furnishes an automobile for the use and pleasure of the family at will, and while a member of the family so using same, they are carrying out the purposes for which the automobile is furnished and therefore become the agent and servant of the head of the family which makes him liable for their negligence under the doctrine of respondeat superior.

In refusing to adopt the "family purpose doctrine" rule in Texas, our Supreme Court, in the case of Trice v. Bridgewater, 125 Tex. 75, 81 S.W.2d 63, 100 A.L.R. 1014, laid down the rule that purchase of an automobile by the head of a family for use and pleasure of himself and members of his family does not render him liable in damages to a party that might become injured by a negligent act of his minor child while operating said automobile upon a public highway for his own purpose and pleasure, even though the car is being used with permission of said parent.

We find the evidence is sufficient to support the jury's affirmative answer to special issue No. 3, which is as follows: "Do you find from a preponderance of the evidence that said jeep was being driven for the use and benefit, and in the furtherance of the family affairs, of E. F. Cotterly preceding the collision on November 16, 1949?"

Appellant attended the trial wherein he heard testimony adduced from the deposition of his son to the effect that said son who was driving the motor vehicle in question was sixteen years of age, that it was his duty to take and return his fourteen year old sister to the Academy daily; that when the son delivered her to the Academy he was to go and take Jimmy Brammer, another boy, who lived at 701 Baylor in the City of Wichita Falls, to school. It was on this last mission that the collision occurred. Among other things, said son testified:

"A. Yes, sir; they gave me some tires to take, two front tires, to take him to school that semester—or, I took him a long time, and he had some, and he gave them to me—Mr. Brammer did.

"Q. Mr. Brammer, in other words, gave you some good tires on the front wheels of your jeep if you would take Jimmy to school? A. Uh-huh.

"Q. And you were going by, according to your agreement,— A. Yes, sir. * * *."

■ It is the legal duty of parents to require their children sixteen years of age or under to attend school, as provided for in Articles 297–300, Vernon's Anno. Penal Code, as amended. The way and manner children, sixteen years of age and under, are conveyed to school is a business problem to be solved by the parents. It is undisputed, in this case, that the parent chose this method of conveying his children to school. The accident happened on November 16, 1949. This date would imply that the 120 days of compulsory school attendance required under the above statutes had not expired. Appellant's two children were within the age limit as set out in said statutes. There is no testimony and no finding that appellant's two children were exempt from requirements of the compulsory attendance law. See Articles 297 and 298, Vernon's Anno. Penal Code, as amended.

■ The evidence is insufficient to show as to whether appellant's son did or did not have license to operate said motor vehicle at the time complained of. There is evidence that he acquired license to operate a motor vehicle according to the affidavit of an official of the Texas Department of Public Safety, dated 11th day of April, 1951. We note also from the record appellant made application, or caused same to be made, to have driver's license issued to his son dated September 29, 1949. The burden being placed upon appellee to prove

that appellant's son did not have a driver's license at the time of accident, we attach no importance to such incomplete record, and hold that appellant is not guilty of violating sections 35, 36 or 37 of Article 6687b, Vernon's Tex.Civ.St.

We attach a greater significance upon the quoted portion from the opinion of our Supreme Court in Trice v. Bridgewater, supra, than did the Court of Civil Appeals, which quoted the same in the case of McDonald v. Wilcox, Tex.Civ.App., 167 S.W.2d 568. We further quote from the Trice case, supra [125 Tex. 75, 81 S.W.2d 67], "The question of liability of a father, if any, for negligent acts of his child while driving the family car in furtherance of some particular mission of the father or some business mission which may involve the moral, intellectual, and material welfare of the child or other members of the family, and in which matter the father has a direct interest, is in no manner to be affected by this decision. The question of liability, if any, in such cases, or in cases where there may be an issue of fact as to the nature of the mission in which the child may be engaged (other than his or her personal ends and pleasure), is left to be determined upon the facts of each particular case."

■ We need not hold here that it was necessary in this particular case that a finding be made by a trier of the facts upon the question of principal and agent or master and servant. These facts were indisputedly established by the testimony of appellant's own son. Rule 279, Texas Rules of Civil Procedure, see cases cited, Notes Nos. 33.1 and 35.

Appellant contends that a parent, by allowing or instructing one of his children, sixteen years of age or under compulsory school age, to drive himself and other such minor children of the family to school, is not liable for the negligent acts of said child while driving said motor vehicle, which negligent acts are found to be a proximate cause of the injury to third parties and cites for authority the cases of Wilcox, supra, and Moore v. Hoover, Tex. Civ.App., 150 S.W.2d 96. In the Wilcox case it is not determined definitely as to whether the son was using the car to go

to *college* or was on his way to the home of the Superintendent of Schools in Stevenville. It is noted that the age of the son was not proven. The only reference thereto is that he was a minor at the time of the accident.

In the Moore case, the facts definitely determined that the son of J. M. Moore, Jr., was on his way to *college* when the concerned accident occurred. It was there held by the Court of Civil Appeals that no legal responsibility is upon the parents to send their children to *college*. Such point is not before us. The Court definitely concluded that Mr. Moore's son was not a minor.

Our Supreme Court in the case of Ener v. Gandy, 138 Tex. 295, 158 S.W.2d 989, 991, held that the parent, P. P. Gandy, was not liable where the factual situation shows that he permitted his son to use the car for pleasure while traveling to participate in a football game; even though at the time of the accident involved, Mrs. P. P. Gandy was riding with her son as a guest. The testimony shows that Mrs. Gandy had no authority over the acts of her son and was merely a passenger in the automobile. The Court there held, however, "Since this Court has rejected the family purpose doctrine, if plaintiff is entitled to a recovery in this case it must be based upon the relationship of principal and agent or master and servant."

In the case of Sturtevant v. Pagel, 134 Tex. 46, 130 S.W.2d 1017, wherein the facts relate that the son, Charles G. Sturtevant, was driving the car solely for his own pleasure, the trier of the facts there found that the father entrusted his son as his agent in the matter of attending to the servicing and adjusting the car and held that the father therefore was liable for the bad condition of the brakes because knowledge was imputed to him through his agent.

In the case of Seinsheimer v. Burkhart, 132 Tex. 336, 122 S.W.2d 1063, it was held that the sixteen year old son of Joe Seinsheimer was using the family car for his own use, benefit and pleasure. It was further held the plaintiff in that case could not recover because such facts did not es-

tablish a relationship of principal and agent as between the father and the son. Other points there decided were not determinative of any issues before us.

Other authorities studied: 2 Tex.Jur., Agency, par. 194, p. 501; 60 C.J.S., Motor Vehicles, § 432, p. 1064; 5 Tex.Jur., par. 147, Automobiles, p. 762; Smith v. Callahan, 4 W.W.Harr. 129, 34 Del. 129, 144 A. 46; Watson v. Burley, 105 W.Va. 416, 143 S.E. 95, 64 A.L.R. pp. 830–881 and Trice v. Bridgewater, 125 Tex. 75, 81 S.W.2d 63, 100 A.L.R. pp. 1014–1030.

Finding no error, judgment of the trial court is affirmed.