**G. J. CAMPBELL et al., Appellants,**

v.

**Flora SWINNEY, Appellee.**

**No. 15517.**

Court of Civil Appeals of Texas.

Dallas.

July 17, 1959.

Rehearing Denied Oct. 9, 1959.

William F. Billings, Dallas, for appellants.

D. J. Silman, Bowie, Mullinax, Wells & Morris, Dallas, for appellee.

YOUNG, Justice.

The appeal is from a judgment awarding plaintiff Flora Swinney, a recovery of $4,000, legal interest and costs. The suit was for damages following personal injuries sustained by plaintiff in a collision with a car driven by the minor defendant Glenn Campbell and owned by G. J. Campbell his father; the cause being tried to the court with appeal by both defendants from the joint and several judgment against them.

Place of collision was Belmont, an East and West Dallas street, and Skillman, a North and South street, as plaintiff, a pedestrian, was walking across from the East side of Skillman to the West side at the intersection; the 1951 Nash Rambler car driven by Glenn Campbell striking her as she was about center line of said street. At the request of defendants, the court made and filed findings of fact and conclusions of law; the issues raised by pleading and testimony being generally reflected therein, now quoted:

"Findings of Facts.

1.

"The defendant, Glenn Wesley Campbell, at the time and on the occasion of the accident in question failed to keep a proper lookout as to the plaintiff and such

failure was negligence and was a proximate cause of the collision with the plaintiff.

### 2.

"The defendant, Glenn Wesley Campbell, at the time and on the occasion of the accident in question was operating a vehicle with a defective braking system and his operation of such vehicle was negligence and a proximate cause of the collision with the plaintiff.

### 3.

"The defendant, Glenn Wesley Campbell, at the time and on the occasion in question failed to turn his vehicle to the right so as to have avoided striking the plaintiff and such failure was negligence and was a proximate cause of the collision with the plaintiff.

### 4.

"The defendant, Glenn Wesley Campbell, at the time and on the occasion of the accident in question failed to sound his horn so as to warn the plaintiff of the approach of his vehicle and such failure was negligence and a proximate cause of the collision with the plaintiff.

### 5.

"The defendant, Glenn Wesley Campbell, at the time and on the occasion of the accident in question was operating the vehicle he was driving at a greater rate of speed than a person of ordinary care and prudence would have operated it under the same circumstances and such operation at such speed was negligence and a proximate cause of the collision with the plaintiff.

### 6.

"The defendant, G. J. Campbell, was negligent in permitting the defendant, Glenn Wesley Campbell, to drive a vehicle with a defective braking system when the defendant, G. J. Campbell, could have, with reasonable inspection discovered the defective braking condition of his vehicle and

such negligence was a proximate cause of the collision with the plaintiff.

### 7.

"The defendant, Glenn Wesley Campbell, at the time and on the occasion of the accident in question was returning from his employment and had borrowed the vehicle he was driving from his father, the defendant, G. J. Campbell, who was the owner of such vehicle, for the express purpose of driving it to and from his employment. The defendant, Glenn Wesley Campbell, was a minor son of defendant, G. J. Campbell, and resided with his father and contributed a portion of his income toward the support of his family.

### 8.

"That $4,000, if paid now in cash, would reasonably compensate the plaintiff for all of her damages directly and proximately resulting from the collision in question.

### "Conclusions of Law.

### 1.

"That under the facts and circumstances, the defendant Glenn Wesley Campbell owed a duty under the law to keep a proper lookout for the plaintiff.

### 2.

"That under the facts and circumstances, the defendant Glenn Wesley Campbell, and the defendant, G. J. Campbell, were each negligent as a matter of law for operating and permitting to be operated, respectively, a vehicle with a defective braking system for the reason that such action is in violation of the ordinances of the City of Dallas and of the laws of the State of Texas.

### 3.

"That under the facts and circumstances, the defendant Glenn Wesley Campbell owed a duty under the law to drive at such

speed that he could safely control the vehicle he was driving.

### 4.

"That under the facts and circumstances, the defendant G. J. Campbell is liable for his failure to reasonably inspect the braking system of his automobile, for, under the law, an automobile · with defective brakes or a defective braking system constitutes a 'dangerous instrumentality'.

### 5.

"That under the facts as found, the defendant Glenn Wesley Campbell was an agent of the defendant, G. J. Campbell, his principal, at the time and on the occasion of the accident in question and, the defendant, G. J. Campbell, as principal, is guilty of the same acts of negligence recited in paragraphs 1 through 5 under the Findings of Fact above as is the defendant Glenn Wesley Campbell, his agent, inasmuch as the agent's acts of negligence are imputable to the principal."

The court made no express findings on contributory negligence of plaintiff (pled by defendants), they not excepting to or making request for supplemental findings. These issues will be considered as impliedly found against them under judgment recitals "that both the facts and the law are with the plaintiff * * *".

Glenn Campbell, on day of the collision had been unable to get his personal car started; borrowing the father's Nash car to drive to and from work. Campbell Sr. had owned the car for about a week before the accident, it having a 1957 State Inspection sticker, he giving it a thorough driving test before purchase, inclusive of brakes; not noticing anything wrong with car relative to making turns but never having gotten under car to look at brake hose. According to Glenn Campbell, the brakes on the car appeared to operate properly while he was driving it to work; also enroute home, inclusive of traffic light at Skillman & Richmond, one block South of the Skillman-Belmont intersection where he collided with plaintiff; that upon observing Mrs. Swinney crossing the street at the latter intersection he put on car brakes and they failed to hold, the brake pedal going all the way down to floorboard. It was later determined that the brake failure was due to a defective flex line or tube carrying brake fluid to left front wheel; the line giving way at a place where such left front tire had rubbed a hole, allowing fluid to escape. Both defendants testified to no prior indication of this weakened flex line, no rubbing feel or noise in the steerage. Officer Cook, police department mechanic, testified that extreme turns to the left would account for wearing of hole in flex hose line, a lug being always attached to front axle to prevent front wheel from making such contact in turning, this car having no stop lug; the defective flex line being perceivable on looking under the car. The elder Campbell, though not a qualified mechanic, was a practical one, having installed brake linings in cars and flex line tubes in such connection; that he had not looked at the flex line on purchase and inspection of the car and had he looked and seen the worn hose he would· have replaced it, knowing that driving an automobile in that condition was dangerous. Glenn Campbell, age 19, was the minor son of defendant G. J. Campbell, living with his father and contributing a portion of his income to the family support.

First to be considered are appellant's two points of error, complaining of the court's finding against Campbell Sr.; in substance (1) that he was negligent "in permitting Defendant, Glenn Wesley Campbell, to drive a vehicle with a defective braking system when the Defendant, G. J. Campbell, could have, with reasonable inspection discovered the defective braking condition of his vehicle and such negligence was a proximate cause of the collision with the plaintiff"; (2) of error in the court's conclusion of law "that Defendant, Glenn Wesley Campbell,

was the agent of G. J. Campbell, as principal, was guilty of the same acts of negligence as Glenn Wesley Campbell, his agent". As to plaintiff, appellant asserts court error in failure to find her contributorily negligent as a matter of law in that undisputedly she was outside the crosswalk at intersection when struck, also had similarly failed to keep a proper lookout. Further points relate to the court's finding against Glenn Campbell in the particulars as hereinabove reflected in the court's findings.

Applicable to the foregoing points is the settled rule that "where the trial court makes and files findings of fact, if they have support in the evidence, such findings are binding upon the appellate court, and in passing upon such question the appellate court must consider only the evidence favorable to the findings and reject all evidence to the contrary". Rodriguez v. Garcia, Tex.Civ.App., 309 S.W.2d 509. See also 4 Tex.Dig., Appeal & Error, ☞1010, Subd. 1. In this connection appellants argue that Mrs. Swinney in crossing Skillman street was undisputedly outside the area of the crosswalk as defined in Art. 85–1, Dallas City Code, Art. 6701d, Secs. 15, 78, Vernon's Ann.Civ.St. and therefore negligent as a matter of law. Even so, the issue of proximate cause was raised, and resolved by the court against defendants. Similarily resolved in favor of plaintiff was the issue of whether she had observed a proper lookout for street traffic on the occasion in question. And in like manner we must dispose of all points presented on behalf of Glenn Campbell, the admittedly defective car brakes, under his own testimony, constituting a proximate cause of injuries to plaintiff.

Now to be considered are the points of error advanced by G. J. Campbell above quoted. He had loaned the Nash car to his son on the occasion in question; assuming at least the status of a gratuitous bailor. The court finding against him was in negligently permitting "the defendant, Glenn Wesley Campbell, to drive a vehicle with a defective braking system when the defendant, G. J. Campbell, could have, with reasonable inspection discovered the defective braking condition of his vehicle and such negligence was *a* approximate cause of the collision with the plaintiff." Relevant thereto is the principle as stated in 46 A.L.R.2d at page 442, Annotations "Bailor-Liability for Injury," that "while the duty to exercise reasonable care in loaning a vehicle necessarily requires the bailor to inspect the bailed vehicle in a reasonable manner to discover defects, and it follows that the bailor is liable not only where he knows of such defects but where he could have known of such defects by the exercise of reasonable care, the bailor is not liable for latent defects which would have required an extraordinary inspection to reveal." The rule is recognized in Texas. See Bender Motor Co. v. Rowan, Tex.Civ. App., 33 S.W.2d 263, reversed on other grounds Tex.Com.App., 50 S.W.2d 802; conformed to in Tex.Civ.App., 56 S.W.2d 1119. The brake defect in question was not latent or hidden; and we think that a reading of the testimony of both G. J. Campbell and the police department mechanic clearly raises a fact question on whether same should have been discovered by the car owner upon a reasonable inspection.

Point 2 complains of the court's conclusion of agency of Glenn Campbell for his father as principal. The son was a minor, living with the family and contributing a portion of his income to their support; the car being loaned on the occasion to facilitate the son's employment. While the "family purpose doctrine" is not recognized in Texas, Trice v. Bridgewater, 125 Tex. 75, 81 S.W.2d 63, 67, 100 A.L.R. 1014 provides for exceptions that are applicable here, raising the issue of agency. It is there stated: "The question of liability of a father, if any, for negligent acts of his child while driving the family car in furtherance of some particular mission of the father or some business mission which may involve *the moral, intellectual, and mate-*

*rial welfare of the child or other members of the family, and in which matter the father has a direct interest, is in no manner to be affected by this decision.* The question of liability, if any, in such cases, or in cases where there may be an issue of fact as to the nature of the mission in which the child may be engaged (other than his or her personal ends of pleasure), is left to be determined upon the facts of each particular case." (Emphasis ours.) See also Cotterly v. Muirhead, Tex.Civ.App., 244 S.W.2d 920.

All points of appeal are overruled and judgment of the trial court is affirmed.