**Rebecca Dunn GRIDER, Appellant,**

v.

**Adam NAAMAN, M.D., Appellee.**

No. 13–00–613–CV.

Court of Appeals of Texas,
Corpus Christi.

July 18, 2002.

Jeffrey B. Kaiser, John M. O'Quinn, Michael Jude Lowenberg, O'Quinn & Laminack, Mike O'Brien, Houston, for Appellant.

Brian P. Johnson, Holly J. Harlow, Kruse, Luccia & Evans, Houston, for Appellee.

BEFORE: Justices HINOJOSA, CASTILLO and AMIDEI.[1]

## OPINION

Opinion by Former Justice AMIDEI (Assigned).

This is a medical malpractice suit arising from a diagnostic biopsy procedure to obtain a possible diagnosis of suspected re-

---

1. Former Justice Maurice Amidei, assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN. § 74.003 (Vernon 1998).

currence of Hodgkin's disease which had been in remission. Appellant, Rebecca Dunn Grider, alleges that appellee, Adam Naaman, M.D., negligently cut her brachial plexus nerve roots which control the ability to grip, hold or move the hand, leaving her with a permanent claw left hand. The jury found that appellee was not negligent, and appellant appeals from the adverse jury verdict and judgment, after the trial court overruled her motion for a new trial. Appellee filed a motion to dismiss this appeal for lack of jurisdiction.

Appellant presents one issue claiming that in view of the admitted violations of the standard of care by appellee, and the absence of probative evidence to support the sole defensive theory, there is no legally and/or factually sufficient evidence to support the jury's verdict. We reverse and render in part, and reverse and remand in part.

### Motion to Dismiss Appeal

■ Appellant's motion for a new trial was filed on March 8, 2000. The trial court signed a judgment on May 3, 2000. On May 11, 2000, appellee filed a response to the motion for new trial and a motion to enter judgment for appellee. A hearing on the motion for a new trial was held on May 15, 2000 but the trial court withheld a ruling thereon until June 1, 2000, when it denied the motion for new trial and granted appellee's motion to enter judgment. On August 25, 2000, appellant filed her notice of appeal which states she is appealing from the June 1, 2000, final judgment of the court. Appellee filed a motion to dismiss the appeal claiming appellant's notice of appeal was not filed within ninety days after the May 3, 2000 judgment was signed. Tex.R.App.P. 26.1(a)(1). Appellant's argument is that the June 1, 2000, judgment restarted the appellate timetable because it was a modification, change, rein-

statement or clarification of the May 3, 2000 judgment. Rule 329b(h) provides that if a judgment is modified, corrected or reformed *in any respect*, the appellate timetable runs from the date of the new judgment. Tex.R.Civ.P. 329b(h); *Lane Bank Equip. v. Smith S. Equip.*, 10 S.W.3d 308, 313 (Tex.2000) (holding that any change made by the court under subpart (h) prior to losing jurisdiction, even a clerical change, will restart the appellate timetable). *See also Check v. Mitchell*, 758 S.W.2d 755, 756 (Tex.1988) (cited in the *Lane Bank* case). In *Check*, the court stated that *"any change, whether or not material or substantial, made in the judgment while the trial court retains plenary power restarts the appellate timetable."* *Check*, 758 S.W.2d at 756 (emphasis added). Even if the only change is the date of entry of the judgment, it qualifies as a modification, change, reinstatement or clarification of the judgment sufficient to start anew the appellate timetable. *Clark v. McFerrin*, 760 S.W.2d 822, 825 (Tex. App.—Corpus Christi 1988, writ denied) (trial court's change in date of entry of judgment, which was reinstated after court previously granted a motion for new trial, qualified as modification, correction, and or reformation of judgment which started anew timetable for appellate review).

■ The June 1, 2000 order granting appellee's motion for judgment was final, for purposes of appeal, and no future action by the court was necessary to settle the entire controversy because it determines the rights of all parties and disposes of all the issues in the case. *Felderhoff v. Knauf*, 819 S.W.2d 110, 111 (Tex.1991). This order declared the legal effect of granting appellee's motion to enter judgment for appellee, as by ordering that a party take nothing by their cause of action, which in effect was the clear meaning of the order. *White v. CBS Corp.*, 996

S.W.2d 920, 922 (Tex.App.—Austin 1999 pet. denied). The trial court's intention was made clear from the language of appellee's motion, the order and the record as a whole, made after a jury trial had been tried and concluded. The appellant's motion for a new trial was denied in the same order although in a separate paragraph. Also, included in the order was the court's finding that, "after considering Defendant's Motion to Enter Judgment, is of the opinion that Defendant's Motion to Enter Judgment is meritorious and should be granted," followed by the order granting such motion. We construe the order to express the trial court's intent that the appellant take nothing by her cause of action against appellee. The order constituted the rendition of judgment which is distinguishable from the entry of judgment which is a purely ministerial act by which judgment is made of record and preserved. *Becker v. Becker,* 997 S.W.2d 394, 395 (Tex.App.—Beaumont 1999, no pet.).

Therefore, the ninety days for filing appellant's notice of appeal began on June 1, 2000, and August 25, 2000, the date she filed her notice of appeal was within the ninety days. Appellee's motion to dismiss the appeal for lack of jurisdiction is overruled.

### Standard of Review

■ No evidence points of error must and may only be sustained when the record discloses: (1) a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a scintilla; or (4) the evidence established conclusively the opposite of the vital fact. *Juliette Fowler Homes, Inc. v. Welch Assocs. Inc.,* 793 S.W.2d 660, 666 n. 9 (Tex.1990); Calvert, *"No Evidence"* and *"Insufficient Evidence" Points of Error,* 38 TEX.L.REV. 361, 362–63 (1960).

In reviewing the evidence under a no-evidence point, we consider all the evidence in the light most favorable to the prevailing party, indulging every reasonable inference in that party's favor. *Associated Indem. Corp. v. CAT Contr., Inc.,* 964 S.W.2d 276, 285–86 (Tex.1998). "In evaluating legal sufficiency, we are required to determine whether the proffered evidence as a whole rises to the level that would enable reasonable and fair-minded people to differ in their conclusions." *Id.* at 286 (quoting *Transportation Ins. Co. v. Moriel,* 879 S.W.2d 10, 25 (Tex.1994)).

■ A claim that the evidence was legally or factually insufficient to warrant the submission of any question may be made for the first time after verdict, regardless of whether the submission of such question was requested by the complainant. TEX.R.CIV.P. 279. The legal sufficiency of the evidence may be raised for the first time in a motion for new trial. *Rosas v. Shafer,* 415 S.W.2d 889, 889–90 (Tex.1967). If the trial court rules on the motion for a new trial containing grounds with sufficient specificity, the complaint is preserved for appellate review. TEX. R.APP.P. 33.1(a).

### Factual Background

Appellant had been diagnosed with Hodgkin's disease and after receiving chemotherapy it was in remission. After a routine check an undefined mass was discovered in the mediastinum area of the chest. Appellee was consulted to perform a biopsy procedure to obtain a possible diagnosis of the recurrence of the cancer. Appellee cut appellant's brachial plexus nerve roots at C8 and T1 causing a total and permanent disability of her left arm and hand. Within minutes of waking up from the surgery appellant felt a fiery pain

and could not move her left arm and hand because her brachial plexus nerve roots were cut. Repair surgery was unable to restore appellant's ability to grip, hold, or move her hand. The surgical procedure was performed on December 17, 1993, and at time of trial in January 2000, appellant had no medical chance that the use of her left arm will improve and is left with what the doctors refer to as a claw hand.

## Issue Presented

Because of the admitted violations of the standard of care by appellee, and the absence of probative evidence to support the sole defensive theory, is there legally and/or factually sufficient evidence to support the jury's verdict?

The grounds as presented in this issue were stated in appellant's motion for a new trial with sufficient specificity to make the trial court aware of the complaints. TEX. R.APP.P. 33.1(a)(1)(A). The trial court held a hearing on the motion for a new trial, considered the motion for sixteen days, and on the seventeenth day expressly overruled the motion, and granted appellee's motion for entry of judgment on the same day, June 1, 2000. TEX.R.APP.P. 33.1(a)(2)(A).

 Appellant claims the evidence conclusively supported a "yes" answer to jury question number one, or the question was unnecessary. Appellant alleges that she was severely and permanently injured when appellee negligently performed a diagnostic biopsy procedure to obtain a possible diagnosis of the recurrence of Hodgkin's disease which had been in remission. The elements of appellant's cause of action based on negligence are: (1) a legal duty owed by defendant to plaintiff; (2) a breach of that duty; and (3) damages proximately resulting from that breach. *See Silva v. Spohn Health Sys. Corp.*, 951 S.W.2d 91, 93–94 (Tex.App.—Corpus

Christi 1997) *writ denied* 960 S.W.2d 654 (Tex.1997). Duty is the threshold inquiry; a plaintiff must prove the existence and violation of a duty owed him by the defendant to establish liability in tort. *Id.* The standard of conduct to determine if the duty has been breached in a physician-patient relationship is that of what a reasonable, prudent physician would do in a similar medical situation. *Chambers v. Conaway*, 883 S.W.2d 156, 158 (Tex.1993). Jury question number one inquiring whether appellee was negligent was answered, "no". Appellant argues that there is no evidence to support the jury finding of no negligence because the evidence conclusively proves that appellee was negligent.

 It was undisputed that a surgeon who cuts the brachial plexus nerve roots, when he thinks that he is in the area of the stellate ganglion, falls below the applicable standard of care. Appellee testified he cut the brachial plexus root nerves C8 and T1 believing he was in the stellate ganglion area, and had cut a stellate ganglion rather than a brachial plexus nerve. Appellee's only expert confirmed that appellee believed he was in the stellate ganglion area. Appellee's post-operative report states that he cut the stellate ganglion nerve. Appellee and his expert agreed in their testimony that it would fall below the standard of care for a doctor to cut a brachial plexus nerve when he thought he was in the stellate ganglion. However, during the procedure appellee cut appellant's brachial plexus nerve roots at C8 and T1 causing total and permanent disability of her left arm and hand. Within minutes of waking up from the surgery appellant felt a fiery pain and could not move her left arm and hand because the brachial plexus nerve roots had been cut. The motor nerves control the function of the hand. When this nerve is cut, an

individual is unable to grip, hold, or move the hand. Repair surgery by Dr. Kline was unable to reverse the devastating effects caused by appellee's surgery. Appellant now has what doctors refer to as a claw hand, and there is no medical chance the use of her left arm will improve. The testimony of appellee and his expert admitting appellee's surgery was below the applicable standard of care was deliberate, clear, and unequivocal, although contrary to an essential unproven fact embraced in the theory of defense asserted by appellee, and not destructive of appellant's theory of recovery, constituted judicial admissions conclusive upon appellee, and relieving appellant's burden of proving the admitted fact, and bars appellee from disputing it. *Hennigan v. I.P. Petroleum Co., Inc.,* 858 S.W.2d 371, 372 (Tex.1993). The rationale behind this rule "is that it would be unjust to permit a party to recover after he has sworn himself out of court by clear, unequivocal testimony." *Mendoza v. Fid. & Guar. Ins. Underwriters, Inc.,* 606 S.W.2d 692, 694 (Tex.1980). The judicial admissions made the proof of the liability part of appellant's cause of action conclusive as a matter of law, and jury question number one should not have been submitted to the jury. A no evidence point of error must be sustained when the record discloses the evidence established conclusively the opposite of the vital fact. *See Juliette Fowler Homes, Inc.,* 793 S.W.2d at 666.

A defensive theory, unsubstantiated by fact, science or medical precedent, was offered by appellee's expert that the applicable medical standard did not really apply if a patient had an abnormal anatomy. This defensive theory is unreliable and speculative since it had never been heard of, observed or written about previously. *See E.I. du Pont de Nemours & Co. v. Robinson,* 923 S.W.2d 549, 557 (Tex.1995) (setting forth the applicable standard for admission of scientific evidence in Texas). Even if the defensive theory had been properly based on a body of scientific, technical or other specialized knowledge, it was no evidence in this case because there was no proof appellant's anatomy was abnormal in any respect. If an expert's opinion is based on facts that are materially different from the facts in evidence, then the opinion is not evidence. *Gen. Motors Corp. v. Sanchez,* 997 S.W.2d 584, 596 (Tex.1999). Appellee's expert's defensive theory is not based on fact, but relies on mere possibility, speculation and surmise. *Schaefer v. Tex. Employers'Ins. Ass'n,* 612 S.W.2d 199, 204 (Tex.1980). A no evidence point of error must be sustained when the record discloses a complete absence of a vital fact. *See Juliette Fowler Homes, Inc.,* 793 S.W.2d at 666.

Appellant's issue is sustained.

There were no jury findings as to appellant's damages because the remaining jury issues, being predicated on an affirmative answer to question number one, were not answered by the jury.

In effect, appellant's motion for a new trial was a pre-judgment motion that was not ruled on until the date of judgment was entered. Since the trial court held a hearing on the motion and considered it for sixteen days before ruling thereon, it had the opportunity to address appellant's no evidence complaints without granting or overruling appellant's motion. *Scurlock Permian Corp. v. Brazos County,* 869 S.W.2d 478, 489 (Tex.App.—Houston [1st Dist.] 1993, writ denied). We reverse and render the liability part of appellant's cause of action, reverse and remand the damages part of her cause, TEX.R.APP.P. 43.2(c) & (d), and order a separate new trial solely on unliquidated damages as liability is not contested. TEX.R.APP.P. 44.1(b)(b).