MRS RUTH ENER V. P. P. GANDY ET UX.

No. 7776. Decided February 11, 1942.
(158 S. W., 2d Series, 989.)

*Howth, Adams & Hart* and *L. Maston Meagher,* all of Beaumont, for plaintiff in error

It was error for the Court of Civil Appeals to hold that there was no evidence to raise an issue of fact for the jury as to whether said Leon Gandy was acting as agent of the defendant in error, P. P. Gandy, at the time of the collision. Trice v. Bridgewater, 125 Texas 75, 81 S. W. (2d) 63; Graham v. Page, 300 Ill. 40, 132 N. E. 817; Meinhardt v. Vaughn, 17 S. W. (2d) 5.

*Adams & Hillin* and *Synott & Smith,* all of Jasper, and J. R. *Beck,* of Beaumont, for defendants in error.

Under the facts of the case no issue of agency which would make defendants liable existed. Collinson v. Cutler, 186 It. 276, 170 N. W. 420; Green v. Smith, 153 Va. 675, 151 S. E. 282.

MR. JUSTICE SHARP delivered the opinion of the Court.

This suit was filed by Mrs. Ruth Ener against P. P. Gandy and wife, for damages suffered in an automobile collision. The injuries resulted from a collision between Mrs. Ener's car

and an automobile owned by P. P. Gandy, which was being operated by his minor son, Leon Gandy. Trial was to a jury, and at the conclusion of the evidence the trial court instructed a verdict in favor of the defendants. Plaintiff prosecuted an appeal to the Court of Civil Appeals, and the judgment of the trial court was affirmed. 141 S. W. (2d) 772.

The parties will be designated herein as they were in the trial court.

The opinion of the Court of Civil Appeals sets out in detail the pleadings and the testimony of both plaintiff and defendants, and we refer to that opinion for such detailed statement. We shall refer to such pleadings and testimony as relate to the issue discussed in this opinion. Leon Gandy is not a party to this suit. At the time of the collision he was accompanied by his mother.

Plaintiff alleged in substance as follows: That she sued P. P. Gandy and wife for damages suffered by her in an automobile collision in Jasper County, wherein her husband, William Ener, and her son, Henry Adolphus Ener, were killed, she suffered serious personal injuries, and her automobile was greatly damaged. She further alleged that on November 13, 1936, while she and her deceased husband and son were driving towards Beaumont on the public highway, near the town of Kirbyville, another car, belonging to defendants, driven in the opposite direction, ran into her car, resulting in the injuries above stated. She further alleged that at the time of the collision defendants' car was being operated by their son, Leon Gandy, and Mrs. Gandy was riding in the car with him. Leon was about seventeen years old, and was operating said automobile at the instance of the defendants, or else with their consent, express or implied, and at said time and place was performing a family purpose in the operation of said automobile and was acting as the agent of the defendants. Plaintiff further alleged that at the time of the collision said Leon was driving the family car with the consent of P. P. Gandy, on a mission involving the moral, intellectual, and material welfare of the said Leon Gandy, and that in such mission his parents had a direct interest; that the said Leon Gandy was a member of the Hemphill High School football team, and together with his mother and some other parties was on his way to play a game, as a member of the football team, with the Kirbyville High School; that it was part of the high school activities of

the said Leon Gandy to play football for his school, and for such activity he received credit in his school work; that both the father and the mother of the said Leon Gandy consented to his playing, and encouraged him to play football; which sport or course of education involved the moral, intellectual, and material welfare of the said Leon Gandy, and in which his parents had a direct interest. Other allegations were made by plaintiff.

Defendants answered by general demurrer, general denial, and especially pleaded that defendant P. P. Gandy was not an occupant of the automobile at the time of the collision; that the car was not operated in or about any business of defendants, or either of them; that neither of the defendants participated in the driving of the automobile; that Mrs. Gandy had nothing to do with the operation of the car, but that it was entirely under the control and management of Leon Gandy; that in driving defendants' car Leon was not an agent or an employee of either of the defendants, but that he was doing so for his own pleasure in going to a football game.

Both the trial court and the Court of Civil Appeals held, as a matter of law, that the defendants were not liable for the injuries resulting from the collision of the automobile operated by defendants' son, Leon Gandy, and which resulted in the death of William Ener and son, Henry Adolphus Ener, and in the injuries to Mrs. Ener and the automobile. These decisions were based principally upon the decision in Trice v. Bridgewater, 125 Texas 75, 81 S. W. (2d) 63,100 A. L. R. 1014.

Plaintiff contends that the Court of Civil Appeals erred in holding as a matter of law that there was no evidence to raise an issue of fact for the jury to determine whether Leon Gandy was acting as the agent or as an employee of his father or mother, or both, at the time of the collision; and erred in holding, as at matter of law, that there was no evidence to raise an issue of fact for the jury to determine whether Leon and his mother were engaged in a joint enterprise.

■ It would serve no useful purpose here to review the many decisions relating to this subject. These decisions were reviewed by the late Judge German, who wrote the opinion in the case of Trice v. Bridgewater, supra. In a very able and exhaustive opinion he reviewed the many authorities touching this question, and in the course of his opinion he said: "The

question here decided briefly is that a minor son, who is a competent and skillful driver, is not engaged in a 'family purpose' or a business of his father when driving his father's automobile on a mission involving solely his own pleasure and purposes." Again he said: "In other words, we hold that the mere ownership of an automobile purchased by a father for the use and pleasure of himself and family does not render him liable in damages to a third person who may be injured by reason of the negligence of his minor son while operating the automobile on the public highway in pursuit of the son's own purpose and pleasure, notwithstanding the son may have been using the car with the permission of the father."

Both the father and the mother of Leon Gandy testified that Leon played on the football team during the year 1936, and that he was a regular player on the team; that it was a part of his school work; that he played football with their permission; that in a game played between Kirbyville High School and Hemphill High School on November 13, 1936, Leon participated in that game as a member of the Hemphill High School football team. He went to the game in a Buick car belonging to P. P. Gandy, which was the family car, used for family purposes as well as their own personal pleasure, and it was the car involved in the collision, and it was used with his father's consent. Several other persons were in the car, and two of the other boys were football players, and they played in the game that day. The High School provides no means for conveying the football players to the out-of-town games. It was generally agreed among the various families of the football squad that they would furnish transportation for these players. There were times when they used this automobile, not only for conveying themselves, but also for conveying other football players to the games.

Leon Gandy testified that at the time of the collision he attended the Hemphill High School and played football on the team; that it was a part of his school work, and he received credit in school for playing football; that his father and his mother knew that he received credit for playing football, and sanctioned his playing; that it was for his benefit and training in school to play football; that in playing football he had to make trips out of town; and that the school did not provide a means of transportation for football players to such out-of-town games, but the parents furnished transportation for the players.

■ In the Trice v. Bridgewater case it was also said: "All courts which have adopted this doctrine have recognized and admitted that fundamentally there must exist—either in fact or by process of judicial reasoning—a relationship of principal and agent or master and servant before there can be any liability."

That it is the duty of a parent to send a child to school is not denied, but this responsibility does not carry with it the absolute duty to furnish the child with an automobile, or any other mode of transportation, to carry on his school work or athletic activities. The evidence shows that Leon of his own volition borrowed his father's car; that his father gave him permission to use it, but neither instructed him to use the car nor requested him to do so. He did not instruct or request Leon to take his mother. Leon invited her, and she went as his guest. Mrs. Gandy had no control over the car, nor did she have any control over Leon in the manner in which he drove the car. There is no evidence that it was Mr. Gandy's duty to furnish transportation for Leon to get to Kirbyville. On the contrary, the evidence shows that Leon often went to out-of-town games with other players in cars belonging to other citizens of the community.

Since this Court has rejected the family purpose doctrine, if plaintiff is entitled to a recovery in this case it must be based upon the relationship of principal and agent or master and servant. We have examined the testimony, and it does not bring this case under either theory. The Court of Civil Appeals in the course of its opinion correctly held: "The evidence did not raise the issue of joint enterprise between Leon and his mother, nor was any issue raised by the evidence, making P. P. Gandy liable on the theory that his wife was riding in the family automobile at the time of the collision. Under the evidence, Mrs. Gandy was nothing more than a passenger in the automobile, the guest of her son Leon, exercising no more authority over the acts of her son, as the driver, than any other passenger in the automobile."

The application for writ of error in this case was granted on the theory that perhaps there was some testimony showing that Leon Gandy was the agent of his father, P. P. Gandy, in the use of the automobile at the time of the collision. But after a careful examination of the record we have reached the conclusion that the testimony does not support this theory. For

further discussion of the liability of a parent who permits his or her minor child to drive an automobile, we cite the following cases: Seinsheimer v. Burkhart, 132 Texas 336, 122 S. W. (2d) 1063; Bluth v. Neeson, 127 Texas 462, 94 S. W. (2d) 407; Witt v. Universal Automobile Ins. Co., 116 S. W. (2d) 1095; Sturtevant v. Pagel, 134 Texas 46, 130 S. W. (2d) 1017; Fernandez v. Lewis, 92 S. W. (2d) 305.

The judgments of the trial court and of the Court of Civil Appeals are affirmed.

Opinion delivered February 11, 1942.