**William R. SMITH et al., Appellants,**

v.

**Lloyd J. COX et al., Appellees.**

**No. 468.**

Court of Civil Appeals of Texas.

Corpus Christi.

Sept. 25, 1969.

Rehearing Denied Oct. 23, 1969.

Adams, Graham, Lewis & Graham, John E. Lewis, Harlingen, for appellants.

Carter, Stiernberg, Skaggs & Koppel, Gordon L. Briscoe, Harlingen, for appellees.

## OPINION

GREEN, Chief Justice.

Appellees Lloyd J. Cox individually and as next friend of his daughters Teri Joan Cox and Judi Ann Cox, minors, and Lloyd J. Cox and Mrs. Pauline Cox as sole heirs at law of their daughter Lynda Cox, deceased, brought this suit against appellants William R. Smith and his daughter, Alicia Smith Lewis, joined pro forma by her husband Kenneth Lewis. They sought to recover damages for personal injuries allegedly sustained by the said Teri Joan Cox, Judi Cox and Lynda Cox, in a collision between a car driven by Lynda in which her two sisters were riding, and a car being driven by Alicia, who at that time was not married. The case was tried before the court and jury, and judgment was rendered favorable to appellees based on the jury verdict. Appeal is from such judgment.

The collision occurred at the uncontrolled rural intersection near Donna, Texas, where Gorman Road, an east-west dirt road, dead ends into Victoria Road, running north and south. A plat of the intersection showing the point of contact according to the testimony of the investigating patrolman and not controverted by any of the witnesses is made a part of this opinion. Alicia Smith, 17 year old daughter of appellant W. R. Smith, immediately before the accident was operating her father's 1957 Buick in a southerly direction on Victoria Road. Lynda Cox was driving a 1958 Hillman Station Wagon (a smaller compact car) easterly on Gorman Road, and was turning to the left in the intersection when the collision occurred.

Alicia testified that she did not see the other car until it was on Victoria Road halfway into her lane of traffic, at which time she was about two or three car lengths from it. She gave as her reason for not seeing it earlier the tall growth of grass, weeds and brush lining the dirt road. She did not swerve from the time she saw the car until the collision. She stated the accident happened at about the center of Victoria Road. She estimated her speed at 45 m. p. h., and said she had no idea of the speed of the other car. She applied her brakes, and did not know her speed at the time her car hit the plaintiff's vehicle. She testified that plaintiff's car was on the left side of Gorman Road as it entered the intersection. On a plat introduced as P. Ex. 1, she placed the point of contact in practically the same place as did the investigating patrolman, and as shown on the plat in this opinion. Other evidence of Alicia not relevant to the causation of the accident will be stated in the discussion of Points 1-6.

Lynda Cox, driver of plaintiff's car, died prior to the filing of this suit (not as the result of this accident). The other two persons in the Cox car, the only eyewitnesses besides Alicia, gave evidence as follows: Judi Cox, 9 years old, was riding in the front seat with Lynda, and her younger sister Teri was in the back seat. Lynda stopped the car prior to entering the intersection, and Judi believed she looked both ways. After their car started and was on the paved road, Judi saw the other car, but did not hear a sound like that caused by an application of brakes, or any other sound coming from that car.

Judi further testified that when she saw the other car, she did not see a driver in the car, nor did she see any one in it. Appellees argue from this that Alicia was for some purpose of her own probably leaning over with her head beneath the windshield, and that such evidence was material particularly on the look-out issue.

Teri Cox, the most seriously injured of the Cox children, was 8 years old at the

time of the accident, and remembered nothing of the event. Her testimony added nothing to the evidence of causation.

Officer McFarland, an experienced highway patrolman, was on the scene as the investigating officer within a few minutes after the occurrence. His opinion was that the only tire marks on the scene were made after impact and were "side motion marks," and that he found no marks made by the Smith car prior to impact. He made a sketch of the intersection and drew in' the vehicles to approximate scale, placing them in the position he believed them to be at point of impact. His sketch is the basis of the one we have made for this opinion. According to his measurements, the two roads were each eighteen feet in width. By examination of the marks on the ground, he determined the point of impact to be in the center of Victoria Road at a point nine feet east of the corner formed by the north edge of the dirt road and the west edge of the pavement of Victoria Road. The left side of the Buick was in the center of Victoria Road, and if there had been a center line the two left tires of the Buick would have been right on or very near it. Approximately one-third of the Cox car, at the time of impact, was east of the center line of Victoria Road and two-thirds was west. Placing an X at the center point of the north intersection line, same being a continuation of the north line of Gorman Road across the intersection, McFarland expressed the opinion, from his investigation on the ground, that at the time of the collision, the Cox car was making a left turn, and "was leaving the intersection to the north, to the right of the center point." Other evidence was given by the officer on braking distance, reaction time, and rate of acceleration, bearing on proximate cause issues.

There was conflicting testimony from other witnesses as to whether the grass, weeds, and brush in the field and along Gorman Road would have prevented Alicia from seeing the Cox car as it approached the intersection. Mr. Smith, father of Alicia and owner of the car she was driving, testified that he found four or five feet of skid marks made by the Smith car prior to collision. Otherwise, his testimony was not of great assistance in determining any issues of causation. Neither was the evidence of the parents of the Cox children.

There was a great deal of testimony concerning the injuries to the occupants of the Cox car, but since appellants do not in any way attack the damage or medical fees issues, it is not necessary to summarize such evidence.

The jury, answering special issues, found that Alicia Smith Lewis was guilty of negligence proximately causing the collision, in (1) failing to yield the right of way; (3) failing to keep a proper lookout; and (7) failing to make proper application of her brakes. The jury further found that the collision was not the result of an unavoidable accident, and answered all contributory negligence issues in the negative.

Appellant William R. Smith and his daughter moved out of the State after the accident, but prior to the institution of the suit and were originally served by non-resident notice and thereafter filed a plea to the jurisdiction of the court. Subsequently Alicia Smith Lewis returned to the State and personal service was had upon her and subsequently additional substitute service was had upon appellant William R. Smith by serving the Chairman of the Texas Highway Commission, but personal service was never obtained upon William R. Smith. William R. Smith's plea to the jurisdiction was overruled by the trial court and subject to his plea to the jurisdiction and his objections and exceptions to the trial court's having overruled the same, he appeared personally for the trial.

By their first six points' of error, appellants contend that the trial court did not properly acquire jurisdiction of the person of William R. Smith by service upon him as a non-resident in the manner prescribed by Art. 2039a, Vernon's Ann.Tex.Rev.Civ. Stats.; they question the sufficiency of

the evidence to support a judgment against William R. Smith based on vicarious responsibility for the negligent conduct of his daughter Alicia, and they challenge the form of Special Issue No. 9, whereby such question was submitted to the jury and answered favorably to plaintiffs.

Appellees' answer to these contentions is twofold. First, they say that under the undisputed facts, as testified to by appellants William R. Smith and Alicia Smith Lewis, Alicia was at the time and on the occasion in question *as a matter of law* acting in the furtherance of her father's interests and the family's interests so that her father was legally liable for her acts under the doctrine of respondeat superior; and second, the appropriate ultimate issue relating to this matter (No. 9) was submitted to the jury.

Art. 2039a, Rev.Civ.Stats. of Texas, provides for the appointment of the Chairman of the State Highway Commission as the agent for service of process for any nonresident, his agent, etc., in any civil action instituted against such non-resident, his agent, servant, employee, etc., "growing out of any accident, or collision in which said nonresident, his agent, servant, employee, heir, legal representative, executor, administrator or guardian, may be involved while operating a motor vehicle or motorcycle within this State, either in person or by his agent, * * *" etc. Appellant Smith was served only under the provisions of this article. The evidence shows that he was not in the car at the time of the accident. If he does not come within the provisions of such article under the doctrine of *respondeat superior* the service of citation upon the Chairman of the State Highway Commission was not valid as to him, and the court had no jurisdiction over his person, and his plea to the jurisdiction should have been sustained. On the other hand, if Smith under the facts in evidence was responsible for the negligent driving of his daughter on the occasion in question under the doctrine of respondeat su-

perior, the court did have jurisdiction over his person under the provisions of Art. 2039a, supra.

Appellees alleged in their trial pleading that Alicia on the occasion in question was the agent, servant and employee of her father, William R. Smith, and was engaged in the course of her employment and acting upon the business of the said William R. Smith. The evidence as to the purpose for which Alicia was using the car on the occasion in question is undisputed and comes entirely from the testimony of appellants Alicia Smith (Lewis) and William R. Smith. Mrs. William R. Smith, wife of appellant Smith and mother of Alicia, was employed as a clerk and bookkeeper in Donna, Texas, and ordinarily took the family Buick automobile with her. On the day in question, according to the testimony of Alicia on direct examination by appellants' attorney, Alicia had missed out on registration at school and needed the car to go to school to register and get her school books, so she had taken her mother to work that morning with the arrangement and understanding that Alicia would pick her mother up when her mother got off work about 5 o'clock that afternoon. The accident occurred while Alicia was on the way to Donna to get her mother and take her home. She further testified that she was driving the car with her father's permission.

Appellant William R. Smith testified that he owned the automobile in question; that Alicia was seventeen years old at the time of the accident, that he knew that Alicia was going into town to get her mother; that on previous occasions arrangements had been made for her to do that; and that the arrangements on this occasion were made by Alicia and her mother. Mrs. Smith did not testify.

Although the evidence on the issue of the liability of appellant Smith comes solely from appellants and is undisputed, leaving the question of such liability a law issue

rather than one of fact, the trial court submitted the following special issue to the jury:

"Special Issue No. 9

Do you find from a preponderance of the evidence that at the time and on the occasion in question, Alicia Smith Lewis was driving William R. Smith's car in the furtherance of some particular mission of her father, or some business mission which involved the moral, intellectual and material welfare of the said Alicia Smith Lewis or other members of the family, and in which matter the father had a direct interest?"

The jury answered this issue "Yes."

Appellant W. R. Smith objected to this issue on the grounds that it was multifarious in that it inquired about several different facts, was insufficient as a matter of law to support any judgment even if answered in the affirmative, and did not inquire whether Alicia was and there was no evidence that she was an employee or agent of W. R. Smith or was engaged in the furtherance of any business or mission of his, and that the evidence conclusively showed that Alicia was going to town to pick up her mother by reason of prior arrangements between those two through which Alicia had used the car for purposes of her own. These objections were overruled by the trial court.

We do not need to rule on appellants' points on the court's overruling these objections to Issue No. 9, because in our opinion the existence of the relationship of principal and agent was established *as a matter of law* by undisputed evidence of the appellants. In asserting that Smith should not be subjected to liability for the negligence of his daughter in this instance appellants say that such liability is precluded by the fact that Texas has refused to accept the so-called "family purpose doctrine" [1] as a basis for liability. Trice v. Bridgewater, Tex.Com.App., 125 Tex. 75, 81 S.W.2d 63, 100 A.L.R. 1014, opinion adopted. That case expressly held that a minor son who is a competent and skillful driver is not engaged in a "family purpose" or a business of his father when driving his father's automobile on a mission *involving solely his own pleasures and purposes.* (81 S.W.2d 67).

The Court went on to say:

"The question of liability of a father, if any, for negligent acts of his child while driving the family car in furtherance of some particular mission of the father or some business mission which may involve the moral, intellectual, and material welfare of the child or other members of the family, and in which matter the father has a direct interest, is in no manner to be affected by this decision. The question of liability, if any, in such cases, or in cases where there may be an issue of fact as to the nature of the mission in which the child may be engaged (other than his or her personal ends and pleasure), is left to be determined upon the facts of each particular case."

See also 7 Tex.Jur.2d, p. 586, Automobiles, § 225; Ener v. Gandy, 138 Tex. 295, 158 S.W.2d 989.

■ In the present case, there is no suggestion that Alicia was driving the car for her own pleasure and purposes. It is undisputed that she was furnishing trans-

---

I. In Trice v. Bridgewater, the court defines the "family purpose doctrine" as being in substance when the father or other head of a family supplies a car for the use and pleasure of the family, permitting the members of the family to use it at will, those members thus using the automobile become the agents of the head of the family, and each one using it, *even for his sole personal pleasure*, is carrying out the purpose for which the automobile is furnished, and is the agent or servant of the head of the family, so that the latter is liable for injuries resulting from negligence under the doctrine of respondeat superior.

portation for her mother, who in using the car was not engaged in personal pursuit of pleasure but was furnishing income for the community estate of herself and her husband, all with the knowledge and approval of W. R. Smith. Such facts, added to the fact that Alicia had used the car for school registration and to get her school books, established as a matter of law that at the time of the accident Alicia was operating the car both in furtherance of a particular mission for her father, and also a business mission involving the moral, intellectual and material welfare of the child in which matter the father had a direct interest, and that appellant W. R. Smith was responsible for injuries proximately caused by her negligence under the doctrine of respondeat superior. Trice v. Bridgewater, supra. Cotterly v. Muirhead, Tex. Civ.App., 244 S.W.2d 920, wr. ref. n. r. e.; Campbell v. Swinney, Tex.Civ.App., 328 S.W.2d 330, wr. ref. n. r. e.

Appellants' Points of Error 1–6 inclusive are overruled.

Under Points of Error 7, 8 and 9, appellants say that the trial court erred in refusing to submit three separate sets of special issues all of which included the accompanying sub-issues of negligence, proximate cause and sole proximate cause, and dealt with Lynda Cox's "driving to the left" in one form or another. Point 7 concerns itself with the refusal to submit Requested Issue No. 5a inquiring whether before the collision Lynda Cox failed to drive her car on the right one-half of the roadway. Point 8 has to do with Requested Issue No. 4a asking whether Lynda Cox before the collision drove her vehicle on the left half of the roadway in approaching *and* traversing the intersection. Point 9 is about the court's refusal to submit Requested Issue 3a and accompanying sub-issues which asked whether Lynda Cox moved her vehicle to the left upon the highway, and (3b) based upon an affirmative answer to

3a whether such movement was when it could not be made with safety.

Appellants plead that Lynda Cox was negligent which was a proximate cause and sole proximate cause of the collision (1) in failing to drive her car on the right one-half of the roadway in violation of Section 52, Art. 6701d;* (2) in driving on the left half of the highway in approaching and traversing an intersection in violation of Sec. 57(a)(2) of Art. 6701d; (3) in moving her vehicle to the left upon the roadway when such movement could not be made with safety in violation of Sec. 68(a), Art. 6701d.

The trial court refused to submit appellants' requested issues as requested but did submit to the jury defensive issues, accompanied by the conditional issues of negligence, proximate, and sole proximate cause, as follows:

## "SPECIAL ISSUE NO. 11

Do you find from a preponderance of the evidence that before the collision in question, Lynda Cox moved the vehicle she was driving from a stopped position on the dirt road onto Victoria Road, when such movement could not be made with safety?

You will answer this issue 'yes' or 'no'.

We, the Jury, answer: ___No___ "

\*   \*   \*   \*   \*   \*

## "SPECIAL ISSUE NO. 15

Do you find from a preponderance of the evidence that before the collision in question, Lynda Cox failed to keep such a lookout as would have been kept by a person of ordinary prudence in the exercise of ordinary care under the same or similar circumstances, for vehicles approaching from the north on Victoria Road?

You will answer this issue 'yes' or 'no'.

---

\* All references to statutes are to the Revised Civil Statutes of Texas.

We, the Jury, answer:   No   ."

\*    \*    \*    \*    \*    \*

## "SPECIAL ISSUE NO. 18

Do you find from a preponderance of the evidence that before the collision in question, Lynda Cox was driving her vehicle on the left side of the dirt road in question?

You will answer this issue 'yes' or 'no'.

We, the Jury, answer:   No   ."

As shown by their pleadings, the wording of the requested issues, and the arguments in their brief, appellants in making their requests were attempting to invoke certain specified sections of Art. 6701d, as follows:

"Sec. 52. Upon all roadways the driver of a vehicle shall drive upon the right half of the roadway, except as follows:

1. When overtaking and passing another vehicle proceeding in the same direction under the rules governing such movement;

2. When the right half of a roadway is closed to traffic while under construction or repair;

3. Upon a roadway divided into three (3) marked lanes for traffic under the rules applicable thereon; or

4. Upon a roadway designated and signposted for one-way traffic."   .

\*    \*    \*    \*    \*    \*
"Sec. 57. (a) No vehicle shall at any time be driven to the left side of the roadway under the following conditions:

\*    \*    \*    \*    \*    \*
2. When approaching within one hundred (100) feet of or traversing any intersection or railroad grade crossing;
\* \* \*."

\*    \*    \*    \*    \*    \*
"Sec. 68. (a) No person shall turn a vehicle at an intersection unless the ve-

hicle is in proper position upon the roadway as required in Section 65, or turn a vehicle to enter a private road or driveway or otherwise turn a vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with safety. No person shall so turn any vehicle without giving an appropriate signal in the manner hereinafter provided in the event any other traffic may be affected by such movement."

"Sec. 65. The driver of a vehicle intending to turn at an intersection shall do so as follows:

\*    \*    \*    \*    \*    \*
(b) Approach for a left turn shall be made in that portion of the right half of the roadway nearest the center line thereof and after entering the intersection the left turn shall be made so as to leave the intersection to the right of the center line of the roadway being entered."

■   The series of requested issues commencing with No. 4a was based on appellants' pleading that at the time of the collision Lynda Cox was violating the terms of Sec. 57(a) (2), Art. 6701d. Section 57 (a) (2) is not applicable here, since it relates to "further limitations on driving to left of center of roadway" (see Vol. 19½, Vernon's Texas Annotated Statutes) and is not applicable to a left turn in the intersection. The section of the Article particularly controlling the actions of a motorist within an intersection about to make a left turn are Sections 68(a) and 65(b), supra. But if Section 57(a) (2) would be applicable, the requested issue is not in the terms of the statute, as it inquired whether Lynda drove on the left side of the roadway in approaching *and* traversing the intersection. Sec. 57(a)(2), as shown above, is in the disjunctive, using the word "or". The jury answered *No* to Issue 18 inquiring in substance whether the jury found from a preponderance of the evidence that Lynda approached

the intersection on the left side of Gorman Road, so that that portion of the requested issue as to the approach was submitted, and in effect the jury refused to find that Lynda drove her car on the left side of the roadway in *approaching and traversing* the intersection. The court was not in error in refusing this series of requested issues.

■ Requested Issue 5(a) with its sub-issues inquiring of negligence, proximate cause and sole proximate cause were, as shown by appellants' pleadings and the argument in their brief, based upon the provisions of Sec. 52 of Art. 6701d, copied above. This relates to driving upon the right side of the roadway, and provides for four exceptions. Sec. 52 does not relate to making a left hand turn, which is controlled by Secs. 68(a) and 65(b). This is demonstrated by the obvious ambiguity of the issue as requested when applied to the situation of this case. It inquired whether Lynda Cox before the collision in question failed to drive her car "on the right one-half of the highway." It does not state when "before the collision", i. e., does not limit the time. We have here the intersection of two highways with Lynda being at one time or another on both, and the requested issue as framed allows the jury to speculate as to which was meant, especially in view of the submission of Special Issue 18. The trial court properly rejected series of Issues 5a, 5b, 5c and 5d.

Requested Issues 3(a) and 3(b) read as follows:

"3(a) Do you find from a preponderance of the evidence that before the collision in question Linda Cox moved her vehicle to the left upon the roadway?

3(b) Do you find from a preponderance of the evidence that the act of Linda Cox in moving her vehicle to the left upon the roadway, if you have so found, was made when such movement could not be made with safety?"

3c, 3d, and 3e were requested issues of negligence, proximate cause, and sole proximate cause.

Appellants' defensive pleadings and also their brief make it clear that these requested issues were based on their allegation that in the respects complained of, Lynda Cox violated the provisions of Sec. 68 of Art. 6701d. In so far as this section controls the actions of a driver making a left turn in an intersection, Sec. 68 makes specific reference to Sec. 65 which in paragraph (a) delineates the statutory duties of a driver intending to make such turn. Requested Issues 3a and 3b do not conform to Sec. 65 and appellants did not request the submission of any issue in the terms of Sec. 65.

Section 65(a) requires that an approach for a left turn be made in that portion of the right half of the roadway nearest the center line, i. e., on the inside of Lynda's right hand side of Gorman Road. There is no evidence that Lynda did not make such an approach. It then continues to provide that after entering the intersection, the left turn shall be made so that the one making the left turn shall leave the intersection (the rectangle formed by the prolongation of the lateral sides of the two roads) to the right of the center line of the roadway being entered (Victoria Road). All of the evidence on this phase of the case, including Alicia's testimony that she was driving down the center of the road, and the patrolman's testimony and plat, was to the effect that the left turn was made in this manner.

■ There is no requirement in the statute that the car making the turn must go to the right of the center point of the intersection before making its turn, as appellants argue.

*Furthermore,* the issues of whether Lynda Cox entered the intersection on the left

side of the highway (Special Issue No. 18) and whether she drove onto Victoria Road from a stopped position on Gorman where such movement could not be made with safety (No. 11) were submitted to the jury. Rule 279, Texas Rules of Civil Procedure, provides:

"* * * Where the court has fairly submitted the controlling issues raised by such pleading and the evidence, the case shall not be reversed because of the failure to submit other and various phases or different shades of the same issue. Failure to submit an issue shall not be deemed a ground for reversal of the judgment, unless its submission, in substantially correct wording, has been requested in writing and tendered by the party complaining of the judgment; * * *."

■ We feel that the refusal to submit the question of whether Lynda Cox before the collision in question moved her vehicle to the left upon the highway when such movement could not be made with safety was a failure to submit another phase or different shade of issues which were submitted. The case should not be reversed because of such refusal to submit Requested Issues 3a, 3b, 3c, 3d, and 3e.

Appellants' 7th, 8th, and 9th points of error are overruled.

Appellants' 10th and 11th points are to the effect that the trial court erred in refusing to submit certain defensive Issues 6a and 7a inquiring whether Lynda Cox failed to yield the right of way to Alicia. Each series included sub-issues as to negligence, proximate cause and sole proximate cause.

■ Appellants' Requested Special Issue 7a on right of way inquired whether before the collision in question Lynda Cox failed to yield the right of way to the vehicle driven by Alicia Smith Lewis, and was followed by sub-issues of negligence, proximate cause, and sole proximate cause. No instructions were included to guide the jury in determining under what circumstances either party was entitled to the right of way, and when one party must yield to the other's right of way. 44 Tex.Law Rev. 1, Submission of Issues in Uncontrolled-Intersection Cases in Texas. The court properly refused to submit this series of issues.

■ The set of requested issues headed by 6a were phrased to comply with Sec. 72 of Art. 6701d which is concerned expressly with under what circumstances a party making a left turn in an intersection must yield the right of way to a vehicle approaching *from the opposite direction.* This provision is not applicable to the present situation.

*Furthermore,* the record shows that after all parties had closed the evidence, and during the preparation of the court's charge but before such charge was read to the jury, the parties entered into the following stipulation which was read to the jury:

"MR. KOPPEL: (Attorney for plaintiffs) Could we state for the record that it is stipulated by and between all parties that prior to the collision in question, the vehicle driven by Linda Cox entered the intersection in advance of the vehicle driven by Alicia Smith Lewis, and also that in the alternative the vehicle driven by Linda Cox entered the intersection at approximately the same time as the vehicle driven by Alicia Smith Lewis.

MR. LEWIS: (Attorney for defendants) And that the Cox vehicle was coming from the right, if you want that.

MR. KOPPEL: Right.

MR. LEWIS: *And it is further stipulated, to make the record straight, that Alicia Smith Lewis did fail to yield the*

*right of way to the Cox vehicle as that term, failure to yield right of way, is defined in the Court's charge.* (Emphasis added)

MR. KOPPEL: And we would like that stipulation read to the jury, your Honor.

MR. LEWIS: You can do it if you want to, but—

MR. KOPPEL: You object to that being read to the jury?

MR. LEWIS: Oh, no, the record shows I didn't object to any of it."

The court's charge defined the term "right of way" as being "the privilege of the immediate use of the highway."

By their judicial admission, the appellants effectively obviated any need for the submission of any issues inquiring whether appellants' car had the right of way, i. e., the privilege of the immediate use of the highway, on the occasion in question. Of course, the fact that the driver of appellee had the right of way did not relieve her from the exercise of such care as an ordinarily prudent person would exercise under the same or similar circumstances. McWilliams v. Muse, 157 Tex. 109, 300 S.W.2d 643; Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273; Lewis v. Martin, Tex.Civ.App., 120 S.W.2d 910, wr. ref. The trial court recognized this rule of law and submitted such issues of contributory negligence as he deemed called for by the evidence

Appellants' 10th and 11th points are overruled.

By their Point of Error No. 12, appellants assert that the trial court erred in overruling their motion made just prior to jury argument that appellees' counsel be instructed not to argue to the jury with respect to right of way or any other act of negligence that there was a violation of the law, or that the law provided any certain thing. By Points 13–16 inclusive, appellants contend that certain arguments made by appellees' counsel which related to these matters were improper and prejudicial and were not cured by certain instructions and admonitions given by the trial court.

The court properly overruled the requested pre-argument motion, which if granted would have prevented any inferences or conclusions to be drawn in argument from the fact, as stipulated, that the driver of appellants' car failed to yield the right to way to the car driven by Lynda Cox. It will be recalled that two right of way issues, Nos. 1 and 2 of the court's charge, were submitted to the jury, as well as other issues of negligence and contributory negligence.

Many separate portions of argument made by counsel for appellees were set forth in appellants' brief as prejudicial error. In some instances, the court overruled appellants' objections, in others he partially sustained objections, and admonished appellees' counsel to refrain from citing law which was not contained in the charge; several times the court instructed the jury to consider only such law as was in the charge; and in some instances there were no objections, appellants now contending incurable harm. In the interests of brevity, we state that we have carefully studied the statements, arguments, and authorities contained and cited in the briefs, and have read the complete jury arguments contained in the statement of facts. We have found no error presented by appellants' points of such a nature as to have probably influenced the jury in reaching a verdict, nor do we find that the nature of the arguments complained of was such as was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment. Rule 434, T.R.C.P.; Prasek v. Dudley, Tex.Civ.App., 395 S.W.2d 876, 884, wr. ref. n. r. e. Appellants' Points of Error 12–16 inclusive are overruled.

**64**

Appellants' Points of Error 17 to 24 inclusive present contentions of legal and factual insufficiency of the evidence to support the jury findings of negligence of Alicia Smith Lewis, and the accompanying findings of proximate cause, and with the jury's answers to the contributory negligence Issues Nos. 11, 15 and 18. We have heretofore detailed the testimony of the witnesses who testified concerning the happening of this accident. We find that such evidence is sufficient, legally and factually, to support each of the jury's answers. Garza v. Alviar, Tex.Sup.Ct., 395 S.W.2d 821. The points on such insufficiency are overruled.

In their 20th point, appellants also contend that Special Issue No. 7, inquiring whether the operator of appellants' car on this occasion "made such application of her brakes as would have been made by a person of ordinary prudence" was a general charge of negligence not confined to any specific act or omission, and that their objections to such issue should have been sustained. We disagree, and overrule such contention. However, regardless of that, appellants in their brief agree that there was evidence to support the answer that Alicia failed to keep a proper lookout, and we find that the evidence was legally and factually sufficient to support such answer. Such answer, together with the findings of proximate cause, in the absence of a finding of contributory negligence, would support a judgment for appellees without considering the issues on proper application of brakes. Cloud v. Zellers, 158 Tex. 253, 309 S.W. 2d 806; Prasek v. Dudley, supra.

Appellants' Point of Error No. 25 is to the effect that the cumulative effect of all of the assigned errors of the trial court was prejudicial and harmful, and resulted in an improper and unjust verdict and judgment. In view of our holdings on the various points of error, this contention will be overruled.

Judgment affirmed.