**244**

James Ray MONK et ux., Appellants,

v.

Thomas Mark COOPER, Appellee.

No. 7969.

Court of Civil Appeals of Texas, Texarkana.

March 24, 1970.

Rehearing Denied April 21, 1970.

Charles J. Winikates, Cooper & Winikates, Dallas, for appellants.

L. W. Anderson, Anderson, Henley, Shields, Bradford & Pritchard, Dallas, for appellee.

FANNING, Justice.

A damage suit. Plaintiffs, James Ray Monk and wife, Mrs. Mary Monk, sued Thomas Mark Cooper, seeking damages for personal injuries allegedly suffered by Mrs. Mary Monk and for damages to the Monk automobile, resulting from a collision when a jeep driven by Thomas Mark Cooper, owned by his father, Milton O. Cooper, struck the Monk car in the rear.

Milton O. Cooper filed a motion for summary judgment, which was sustained.

In response to special issues submitted the jury found one issue of primary negligence on the part of Thomas Mark Cooper, to-wit, failure to keep a proper lookout, and found the same to be a proximate cause of the accident in question. The jury also found one issue of contributory negligence on the part of James Ray Monk, the driver of the Monk automobile, to-wit, in failing to start after the traffic had cleared, and found the same to be negligence and a proximate cause. In response to the damages issue with respect to Mrs. Monk's alleged damages for personal injuries (Issue 6, a, b, c, and d) the jury answered, "None". The jury also found that the reasonable cash market value of the Monk automobile immediately prior to the collision was $250.00, and that the reasonable cash market value of said Monk automobile immediately after the collision was $183.00.

The judgment of the trial court recites the sustaining of the motion for summary judgment in favor of Milton O. Cooper, and the trial court entered a take nothing judgment in favor of Milton O. Cooper; the judgment recites the various findings of the jury on the special issues; the judgment recites the defendant's motion for judgment was overruled and that plaintiff's motion for judgment n. o. v. was sustained; the judgment then recites that plaintiffs recover of the defendant Thomas Mark Cooper the sum of $67.00 with all costs of suit. Plaintiffs-appellants James Ray Monk and wife Mary Monk have appealed.

Defendant-appellee, Thomas Mark Cooper, was living with his parents. His father, Milton O. Cooper, owned a jeep. Defendant-appellee's uncle, who was visiting the Cooper family, wanted some cigars, and Thomas Mark Cooper informed his parents he was going to drive his uncle in the jeep over to a nearby 7–11 store so his uncle could buy cigars. On the return trip home from the store it was necessary for Cooper to turn left or go north on Gus Thomasson Road (in Dallas County, Texas), which has a large, divided median strip approximately 20 feet wide. The Monk car proceeded to stop in the median strip to make a left turn, and defendant-appellee in the jeep with his uncle, pulled in behind the Monk car with about a foot and a half clearance and stopped behind the Monk car to wait for traffic to clear to make a left turn. After both the car and the jeep waited for a period of time for traffic to clear, defendant-appellee, apparently assuming that the traffic had cleared up and that the Monk car had gone on, drove his car at a very slow rate of speed and struck the rear of the Monk car, which was approximately about 1½ feet away, inflicting slight damages to the Monk car, in the amount of $67.00. The Monk car was occupied by Mr. and Mrs. Monk and the Monk children. None of the members of the Monk family in the car claimed any personal injuries except Mrs. Monk. By her

own admission, Mrs. Monk originally claimed that the only portion of her body that struck any portion of the car was her knee, which had a bruise on it about as big as a silver dollar. However, Mrs. Monk did not claim any disability to her knee and did not sue for any damages to her knee. Her principal complaint from the beginning, according to her evidence, was an alleged injury to her neck and to her back. She also sued for other alleged injuries and in the next two years after the accident she was operated on for gall bladder, peptic ulcer, adhesions, tubes, ovaries, uterus, hysterectomy and other things. It was also shown that she had prior operations and difficulties prior to the accident and some nine hospitalizations prior thereto in Paris, Texas.

Although Mrs. Monk admitted she had not struck any portion of the automobile other than her knee and, after one of her doctors testified that the only way he could connect all of these operations to the accident would be for her to have had some traumatic blow to her abdomen, the appellant Mrs. Monk, out of the presence of the jury, in effect sought to change her testimony and show that she was struck in the abdomen also, which the trial court refused to allow. Also, outside the presence of the jury, the court made statements to her admonishing her with respect to this matter. Also, out of the presence of the jury, heated statements were made by the attorneys in the presence of the court. Also, outside the presence of the jury, the court made statements to the attorneys which are shown in the record.

There was medical testimony pro and con on both sides. Defendant's doctor, Doctor Sarris, found nothing wrong with Mrs. Monk. Also, motion pictures of Mrs. Monk's activities were made by an investigator for defendant and these pictures were shown to the jury.

The trial court sustained a motion by defendant to instruct the jury to disregard testimony concerning the alleged injuries claimed by Mrs. Monk with respect to gall bladder, peptic ulcer, adhesions, tubes, ovaries and a hysterectomy. The trial court in his charge to the jury and in connection with Issue No. 6, instructed the jury in part as follows:

"* * * In connection with this issue, you are instructed that you will only consider injuries, if any, and the consequences of such injuries, if any, that were caused directly and proximately from the accident in question, and you will exclude any other physical conditions that existed prior to or subsequent to the said accident in question or that may have resulted from any other cause.

"In connection with this issue, you are instructed, however, in arriving at your answers, you must not take into consideration or allow anything for the adhesions, gall bladder operation, removal of ovaries and tubes, removal of uterus, ulcer condition, removal of lipoma (fatty tissues), kidney condition, and thyroid condition.

"You are further instructed in arriving at your answers, you must not take into consideration or allow anything for physical pain and mental suffering resulting directly from an accident which the Plaintiff had on January 16, 1966, when she fell in a hole, and an accident in which she was hit from the rear in Paris, Texas, on May 12, 1967. * * *"

We hold that under the record in this cause the trial court correctly granted appellee's father, Milton O. Cooper's motion for summary judgment because the "family purpose doctrine" does not obtain in Texas, and under the summary judgment facts the driver-son was not using the jeep at the father-owner's direction or in the furtherance of the father-owner's interest or business, nor were there any exceptions to said rule, to-wit: (a) the father-owner did not knowingly entrust the jeep to an incompetent, reckless or unlicensed driver; (b) the father-owner did not knowingly

entrust a defective vehicle to his son, nor did the father suffer his son to operate a defective vehicle on the highway. In this connection see the following authorities: Trice v. Bridgewater, 125 Tex. 75, 81 S.W. 2d 63, 100 A.L.R. 1014; Ener v. Gandy, 138 Tex. 295, 158 S.W.2d 989; Hanson v. Green, Tex.Civ.App., 339 S.W.2d 381, writ refused. Appellants' point 1 is overruled.

■ Appellants' contentions under their points 2 and 3 relating to the introduction in evidence of defendant's exhibits 17 and 20, same being hospital records, have been carefully examined, and in the light of the whole record in the case, including the voluminous medical testimony adduced, are deemed to be of such nature as not to constitute reversible error under Rule 434, Texas Rules of Civil Procedure. Also in this connection, with reference to appellants' point 2, see Loper v. Andrews, Tex.Sup., 404 S.W.2d 300, where it was stated in part as follows:

"In summary, the jury heard the personal testimony and opinion of Dr. Swetland that the boy suffered a skull fracture * * *; a contrary report was that of Dr. Hutchins. * * * the controlling influence on the jury was the expert testimony of Dr. Swetland who testified in person and was subjected to direct and cross-examination. It is not reasonably probable that the opinion entry attributed to Dr. Hutchins persuaded the jury to its verdict when it was offset by the report of Dr. Pettigrew and when the matter was developed in great detail by the personal testimony of Dr. Swetland before the jury."

Appellants' points 2 and 3 are overruled.

■ We further hold that the trial court properly excluded the testimony of Dr. Gillum (one of appellants' doctors) concerning Mrs. Monk's ulcer condition. There were no pleadings that Mrs. Monk had ulcers prior to the accident in question

and that the accident aggravated any ulcers she may have had. Furthermore there was no evidence of probative force that Mrs. Monk had any ulcer or ulcers before the accident. Furthermore, it is clear from Dr. Gillum's testimony on plaintiffs' bill of exception that he could not testify one way or the other as to whether Mrs. Monk had an ulcer before the accident. In this connection, we quote from the record in part as follows:

"Q. (By Mr. Winikates) What is that opinion, Doctor?

A. I think an accident of this nature aggravated Mary Monk's ulcer condition. I can not state that she did not have an ulcer before the accident."

Appellants' point 4 is overruled.

■ We also hold that the trial court correctly excluded from the jury evidence from Mrs. Monk and her husband concerning the alleged striking of Mrs. Monk against the arm rest of the car and that the trial court did not err in instructing the jury in considering the damages issue not to take into consideration the adhesions, gall bladder operation, removal of ovaries and tubes, removal of uterus, ulcer condition, removal of lipoma (fatty tissues), kidney condition and thyroid condition, hysterectomy, etc.

Testimony of Mrs. Monk pertinent to the above holding is quoted in part as follows:

"Q. (By Mr. Anderson) Now I asked you about did any portion of your body hit the automobile and you recall when I took your deposition I asked you, 'When you were knocked forward did any portion of the automobile—did you hit any portion of the automobile with any part of your body,' and you said, 'No, sir,

I did not.' Is that right? Is that correct?

\*     \*     \*     \*     \*     \*

BY MR. ANDERSON:

"Q. Now, you weren't bleeding from any place on your body, were you?

A. No, sir, I was not.

Q. And you said afterwards the only place you could find was a little bruise on your knee?

A. On my knee, yes, sir.

Q. About as big as a half a dollar?

A. Something of that size.

\*     \*     \*     \*     \*     \*

Q. (By Mr. Winikates) Now yesterday Mr. Anderson asked you if this was so, and he read it from page fourteen of your deposition—pardon me, he read from page thirteen. He had asked you if you had told them when he took your deposition —if you had hit your knee. Then he read from page thirteen, I believe about line twenty, his question: (reading) 'Question: Now did you strike any portion of the interior of the car with any part of your body,' and your answer was, 'Well, I was knocked forward and then back against the back of the seat.' His question was, 'When you went forward did you hit any portion of the automobile with any part of your body.' And your answer was, 'No, sir, I did not.' He stopped there, and let me ask you if you didn't also say this immediately after his question: 'All right, did you have any cuts or were you bleeding any place? Answer: No, I wasn't bleeding. Question: Did you have any bruises on your body? Answer: I had a bruise on my knee. Question, Which knee was it?

\*     \*     \*     \*     \*     \*

BY MR. WINIKATES:

Q. The next line: (reading) 'Answer: On my left knee. Question: How big was the bruise? Answer: Oh, about the size of a half dollar.' Did you say those in your deposition—at the time the deposition was taken?

A. Yes, sir."

After this testimony of Mrs. Monk, Dr. Gillum testified in part as follows:

"Q. In your opinion are you telling this Jury that she struck her abdomen in this accident?

A. Yes, I think she injured her abdomen.

Q. And if she said that she didn't hit anything with her abdomen, then your asumption about all of this is wrong; is that right?

A. If she didn't receive a blow to the abdomen I could be wrong, yes."

After the above testimony of Dr. Gillum the Statement of Facts from pages 439 to 451 show the efforts on the part of appellants and their counsel to attempt to show testimony of Mrs. Monk to raise an issue that she struck or likely could have struck her abdomen on the car door rest, or perhaps some other portion of the car, which evidence, if it had been admitted, would have been contrary to her previous positive testimony above shown, and which testimony if it had been allowed, would have tended to conform to Dr. Gillum's testimony above referred to.

It is particularly noted that while offering said inconsistent testimony, no excuse or explanation was offered by appellants or appellants' counsel for the reason for the change of testimony, or any alleged correction of Mrs. Monk's previous direct and unqualified testimony above quoted. Under the record in this case the trial court correctly refused to allow this inconsistent

change in the testimony of Mrs. Monk. In this connection, see Suniland Furniture Co. v. Pruitt, Tex.Civ.App., 347 S.W.2d 835, wr. ref., n. r. e., wherein it was stated in part as follows:

"Before the testimonial declaration of a party will be given conclusive effect, it must appear among other things that the statement is deliberate, clear and unequivocal. Dallas Railway & Terminal Co. v. Gossett, 156 Tex. 252, 294 S.W.2d 377, 381.

"In Griffin v. Superior Ins. Co., [161] Tex.Sup. [195], 338 S.W.2d 415, 416, a 5–4 decision, the Supreme Court held that a compensation claimant's testimony that he had found another workman engaged in the same work for a year, was a judicial admission which barred his recovery under 'just and fair' provisions of the compensation statute. Vernon's Ann. Civ.St. art. 8309, § 1, subd. 3. Among rules quoted by the majority as applicable were those to the effect that if an admission stands unretracted, the admitted fact is binding (McCormick & Ray, Texas Law of Evidence, Sec. 1127, p. 25); if a party, in his testimony makes a material statement of fact negativing his defense 'and no more favorable testimony appears to contradict or modify it, he is bound by it' (169 A.L.R. 799, II).

\*    \*    \*    \*    \*    \*

"The rules stated in United States Fidelity & Guaranty Co. v. Carr, Tex.Civ. App., 242 S.W.2d 224, 229, writ ref., referred to in the original opinion, have been discussed with approval by the Supreme Court in each of the cases above cited. They may be summarized: the testimonial declaration must (1) be made during the course of a judicial proceeding, (2) be contrary to an essential fact embraced in the theory of defense asserted by the person giving the testimony, (3) be deliberate, clear and unequivocal, (4) be such that giving effect to it will be consistent with the public policy on which the rule is based, (5) be one relating to

a fact upon which a judgment in favor of the opposing party may be based."

Appellants' points 5, 6, 7, 8, 9 and 10 are overruled.

Appellants' remaining points have been considered and are overruled. Appellee's cross-point of error is also overruled.

The judgment of the trial court is affirmed.