**James R. JONES, Appellant,**

v.

**Jimmy D. HOPPER, Appellee.**

**No. 947.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

March 6, 1974.

Charles R. Clements, Houston, for appellant.

Robert J. Kern, Kells & Kern, Houston, for appellee.

TUNKS, Chief Justice.

This case involves the issue of liability of a father for negligent acts committed by his daughter while operating the family car.

The appellee, Jimmy D. Hopper, brought suit against appellant, James R. Jones, and his daughter, Marilyn Jones, for injuries received in a collision between a pickup truck driven by Hopper and the Jones family car, which was driven by Marilyn Jones. After a jury trial and a verdict on special issues, judgment was awarded in favor of Hopper against both defendants in the amount of $10,000. Of this amount $2,970.35 was awarded to International Insurance Company, which was subrogated in this amount for workmen's compensation payments made to Hopper. Only Mr. Jones has appealed, and judgment is now final as to Marilyn Jones.

The appellant, Mr. Jones, contends that the trial court erred in submitting a certain issue to the jury and in rendering judgment against him based upon the jury's answer to that issue, because there was either no evidence or insufficient evidence to support an affirmative answer to the issue. The jury found in response to the issue in question that Marilyn Jones was "operating the vehicle in the furtherance of a mission for the benefit of the Jones family and subject to control by her parents as to the detail of the mission." The evidence regarding this issue is conflicting.

The "family purpose doctrine" was long ago rejected in Texas. Trice v. Bridgewater, 81 S.W.2d 63 (Tex.Comm'n App.1935, opinion adopted). Under this doctrine a father is liable for negligent acts committed by a family member while operating a vehicle maintained for family use, even though the particular mission benefited only the negligent driver. The Commission of Appeals impliedly ruled that the father would be liable only if the mission involved "the moral, intellectual, and material welfare of the child or other members of the family, and in which matter the father has a direct interest." Trice v. Bridgewater, *supra* at 67. It has been held that in order for a father to be liable in such a situation the relationship of master and servant or principal and agent must be established. Ener v. Gandy, 138 Tex. 295, 158 S.W.2d 989 (1942). In Smith v. Cox, 446 S.W.2d 52 (Tex.Civ.App.–Corpus Christi 1969, writ ref'd n.r.e.), it was held that a father was liable because he had a direct interest in the joint purposes of his daughter's trip: picking up his wife at work and obtaining books which the daughter was using in her school work.

In the present case Hopper based his action against Mr. Jones on the theory that Marilyn Jones was on the way to pick up her mother, the wife of Mr. Jones, at her place of employment. Mr. Jones testified that he was not even aware that his daughter had the car and that he had not given her permission to use the car. Although Marilyn was not furnished with her own set of keys, there were keys to the car left at the house. Mrs. Jones normally rode to and from work in a carpool and had ridden to work in that manner on the day in question. The accident occurred around 5:00 P.M., which is the time Mrs. Jones normally left work. She was notified of the accident while still on the job, and a fellow employee drove her to the scene, which was less than a mile from both her place of employment and from the family residence. Mr. Jones stated that he knew of no reason why his wife would not have ridden home in the carpool on the day in question if the accident had not occurred. The accident occurred when the car driven by Marilyn proceeded from a shopping center parking lot into the street and into the path of Hopper's vehicle. Neither Marilyn Jones nor Mrs. Jones testified. After the accident and before the trial Marilyn married and moved to Louisiana.

The only evidence of probative force that Marilyn was on a mission to pick up her mother at work was the hearsay testimony of Hopper. He stated that within a couple of minutes of the accident, while Marilyn was lying a short distance from her car, and while he was attempting to administer first aid to stop the bleeding around her face, she said, "It was my fault, it was my fault. I was late, I was late, I was going to pick up my mother." Mr. Jones contends that because this statement was hearsay, it was inadmissible.

Various exceptions to the hearsay rule have arisen because of independent reliability that the statement made was the truth of the matter stated. Under one of these exceptions, spontaneous utterances which flow from a traumatic or startling event are admissible to prove the truth of the utterance. The rationale behind this exception is that one is normally incapable of guile or cool reflection while still under the emotional impact of the event, and any statements made while in such a condition are likely to be truthful. 1 C. McCormick & R. Ray, Texas Evidence sec. 913 (2d ed.1956).

Jones also contends that this statement sheds no light on the accident and is therefore inadmissible. We do not agree. Her exclamation was an excited explanation of why the accident occurred (because she was late to pick up her mother). Such statements are admissible. *See* Safety Convoy Co. v. Potts, 214 S.W.2d 680 (Tex.Civ.App.–Eastland 1948, no writ).

The question remains, however, whether this evidence was admissible for the purpose of establishing the requisite principal-agent relationship. The existence of such a relationship may not be proved by the declaration of the agent alone. Webb-North Motor Co. v. Ross, 42 S.W.2d 1086 (Tex.Civ.App.–Austin 1931, writ dism'd). There must be additional evidence of probative value as to the relationship between the alleged principal and agent at the time of the occurrence of the event. Once the existence of the relationship is proved by extrinsic evidence, then the declarations of the agent are admissible as corroboration. Archie Lacy Truck Lines v. Smith, 350 S.W.2d 216 (Tex.Civ.App.–Beaumont 1961, no writ). In this case there was no such independent evidence.

The judgment of the trial court, in so far as it decreed a recovery against James R. Jones, is reversed, and judgment is here rendered that the plaintiff, Jimmy D. Hopper, take nothing against the defendant, James R. Jones.

CURTISS, BROWN, J., not participating.