COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-07-043-CV

BILLY W. WASS APPELLANT

V.

TOMMY AND JOAN JOHNSON APPELLEES

------------

FROM THE 393RD DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Billy W. Wass appeals from a summary judgment in favor of Appellees Tommy Johnson and Joan Johnson.  We affirm.

Background

In his third amended petition, Wass alleged that he was involved in a car wreck with the Johnsons’ son, Kyle.  According to Wass, Kyle admitted fault immediately after the accident.  Wass made a property damage claim on the Johnsons’ liability insurance.  When he was unable to negotiate a favorable settlement, Wass sued Kyle, the Johnsons, their insurer, three claims adjusters, and an appraiser.  The record does not show that Wass obtained service of process on Kyle, the claims adjusters, or the appraiser.

Wass alleged liability on the part of the Johnsons as follows:

Tommy & Joan Johnson.  Joint Tortfeasors; as immediate family of Kyle Melvin Johnson, and [as] owners of the motor vehicle operated by Kyle Melvin Johnson.  Family purpose Doctrine; as generally defined by law.  Property Damage; as generally defined by TCP&R 41, Economic Damages TCP&R §41.004(4). 

The Johnsons and their insurer filed answers.  The insurer obtained a summary judgment, which the trial court severed from Wass’s claims against the Johnsons and we later affirmed.  
See Wass v. Farmers Tex. County Mut. Ins. Co., 
Nos. 02-05-00036-CV, 02-05-00124-CV, 2006 WL 1281037, at *1  (Tex. App.—Fort Worth 2006, no pet.) (mem. op.).

The Johnsons eventually filed a traditional motion for summary judgment on the following grounds:  (1) the fact that they owned the car Kyle was driving did not make them directly liable for 
Wass’s damages; (2) Texas has rejected the “family purpose” doctrine; (3) although Wass had not alleged negligent entrustment, the summary judgment evidence conclusively negated that potential cause of action; and (4) Wass could not allege a viable claim for vicarious liability.  The Johnsons filed summary judgment affidavits in which they averred that although they owned the car and Kyle lived with them, he was on a personal errand at the time of the accident, and he was not an unlicensed, incompetent, or reckless driver. 

Wass filed a summary judgment response in which he asserted that he had served requests for admissions on the Johnsons twice and that they had failed to respond to either set of requests.  He argued that the resulting deemed admissions precluded summary judgment.  But apart from Wass’s affidavit stating that he had served the requests on the Johnsons, nothing in the record shows that he actually served the requests.

The trial court granted the Johnsons’ motion.  The trial court’s order states that “[t]his summary judgment disposes of all remaining claims in this lawsuit, and is final and appealable.” 

Standard of Review

A defendant who conclusively negates at least one essential element of a cause of action is entitled to summary judgment on that claim.  
IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason
,
 
143 S.W.3d 794, 798 (Tex. 2004); 
see
 
Tex. R. Civ. P.
 166a(b), (c).  When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant’s favor.
  
IHS Cedars Treatment Ctr.
, 143 S.W.3d at 798.

Discussion

In his first issue, Wass argues that the trial court erred by granting summary judgment because the Johnsons’ deemed admissions create fact issues.  
But nothing in the record supports Wass’s naked assertion that he served two sets of requests for admissions on the Johnsons.  Under rule 191.4(a), discovery requests served on parties must not be filed in the trial court, but rule 191.4(c)(2) permits a person to file discovery materials in support of or opposition to a trial court motion, and rule 191.4(c)(3) permits a person to file discovery materials necessary for a proceeding in an appellate court.  
Tex. R. Civ. P.
 
 
191.4(a), (c).  Thus, if Wass served requests for admissions on the Johnsons and intended to rely on their failure to respond as summary judgment evidence, he could and should have filed some evidence of the discovery requests with the trial court and ensured their inclusion in the appellate record.  Because he failed to do so, his argument has no basis in the record, and we overrule his first issue.

In his second issue—captioned “Spoliation, Violation of Discovery Agreement”—Wass apparently argues that the spoliation rule precludes the Johnsons from denying that Kyle was on a mission for the family at the time of the accident.  The doctrine of spoliation refers to the improper destruction of evidence relevant to a case.  
Cresthaven Nursing Residence v. Freeman
, 134 S.W.3d 214, 225 (Tex. App.—Amarillo 2003, no pet.);
 see also Trevino v. Ortega
, 969 S.W.2d 950, 954 (Tex. 1998) (Baker, J., concurring).  Wass does not explain what evidence the Johnsons destroyed.  Nor does he identify the “discovery agreement” referenced in the issue statement.  We therefore overrule his second issue.  
See 
Weaver v. Sw. Nat’l Bank
, 
813 S.W.2d 481, 482 (Tex. 1991); 
see also 
Tex. R. App. P.
 38.1
.

In his third issue, Wass argues that the trial court erred by granting summary judgment on his “family purpose doctrine” claim.  But “[t]he ‘family purpose doctrine’ was long ago rejected in Texas.”  
Jones v. Hopper,
 506 S.W.2d 768, 770 (Tex. Civ. App.—Houston [14th Dist.] 1974, no writ) (citing 
Trice v. Bridgewater
, 81 S.W.2d 63 (Tex. Comm’n App. 1935)).  Wass also argues that the Johnsons are liable under the doctrine of respondeat superior, but he did not plead that theory in the trial court and may not raise it for the first time on appeal.  
See 
Tex. R. Civ. P.
 
166a(c) (providing that a trial court must rule on a summary judgment motion based on the pleadings on file at the time of the hearing).  Therefore, we overrule Wass’s third issue.

In his fourth issue, Wass argues that the Johnsons are liable under the theory of negligent entrustment.  But again, he failed to plead negligent entrustment in the trial court, and he may not raise it for the first time on appeal.  
See id
.  Therefore, we overrule his fourth issue.

Conclusion

Having overruled all of Wass’s issues, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: GARDNER, J.; CAYCE, C.J.; and MCCOY, J.

DELIVERED:  January 10, 2008

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.