COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-07-043-CV

 

 

BILLY W. WASS                                                                  APPELLANT

 

                                                   V.

 

TOMMY AND JOAN JOHNSON                                               APPELLEES

 

                                              ------------

 

            FROM
THE 393RD DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Billy W. Wass
appeals from a summary judgment in favor of Appellees Tommy Johnson and Joan
Johnson.  We affirm.

                                            Background








In his third amended
petition, Wass alleged that he was involved in a car wreck with the Johnsons= son, Kyle.  According to Wass,
Kyle admitted fault immediately after the accident.  Wass made a property damage claim on the
Johnsons= liability insurance.  When he
was unable to negotiate a favorable settlement, Wass sued Kyle, the Johnsons,
their insurer, three claims adjusters, and an appraiser.  The record does not show that Wass obtained
service of process on Kyle, the claims adjusters, or the appraiser.

Wass alleged liability on the
part of the Johnsons as follows:

Tommy
& Joan Johnson.  Joint Tortfeasors;
as immediate family of Kyle Melvin Johnson, and [as] owners of the motor
vehicle operated by Kyle Melvin Johnson. 
Family purpose Doctrine; as generally defined by law.  Property Damage; as generally defined by
TCP&R 41, Economic Damages TCP&R '41.004(4). 

 

The Johnsons and their
insurer filed answers.  The insurer
obtained a summary judgment, which the trial court severed from Wass=s claims against the Johnsons and we later affirmed.  See Wass v. Farmers Tex. County Mut. Ins.
Co., Nos. 02‑05‑00036‑CV, 02‑05‑00124‑CV,
2006 WL 1281037, at *1  (Tex. App.CFort Worth 2006, no pet.) (mem. op.).








The Johnsons eventually filed
a traditional motion for summary judgment on the following grounds:  (1) the fact that they owned the car Kyle was
driving did not make them directly liable for Wass=s damages; (2) Texas has rejected the Afamily purpose@ doctrine;
(3) although Wass had not alleged negligent entrustment, the summary judgment
evidence conclusively negated that potential cause of action; and (4) Wass
could not allege a viable claim for vicarious liability.  The Johnsons filed summary judgment
affidavits in which they averred that although they owned the car and Kyle
lived with them, he was on a personal errand at the time of the accident, and
he was not an unlicensed, incompetent, or reckless driver. 

Wass filed a summary judgment
response in which he asserted that he had served requests for admissions on the
Johnsons twice and that they had failed to respond to either set of
requests.  He argued that the resulting
deemed admissions precluded summary judgment. 
But apart from Wass=s affidavit stating that he had served the requests on the Johnsons,
nothing in the record shows that he actually served the requests.

The trial court granted the
Johnsons= motion.  The trial court=s order states that A[t]his summary judgment disposes of all remaining claims in this
lawsuit, and is final and appealable.@ 

                                       Standard of Review








A defendant who conclusively
negates at least one essential element of a cause of action is entitled to
summary judgment on that claim.  IHS
Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason, 143 S.W.3d
794, 798 (Tex. 2004); see Tex. R.
Civ. P. 166a(b), (c).  When
reviewing a summary judgment, we take as true all evidence favorable to the
nonmovant, and we indulge every reasonable inference and resolve any doubts in
the nonmovant=s
favor.  IHS Cedars Treatment Ctr.,
143 S.W.3d at 798.

                                             Discussion

In his first issue, Wass
argues that the trial court erred by granting summary judgment because the
Johnsons= deemed admissions create fact issues. 
But nothing in the record supports Wass=s naked assertion that he served two sets of requests for admissions
on the Johnsons.  Under rule 191.4(a),
discovery requests served on parties must not be filed in the trial court, but
rule 191.4(c)(2) permits a person to file discovery materials in support of or
opposition to a trial court motion, and rule 191.4(c)(3) permits a person to
file discovery materials necessary for a proceeding in an appellate court.  Tex.
R. Civ. P.  191.4(a), (c).  Thus, if Wass served requests for admissions
on the Johnsons and intended to rely on their failure to respond as summary
judgment evidence, he could and should have filed some evidence of the
discovery requests with the trial court and ensured their inclusion in the appellate
record.  Because he failed to do so, his
argument has no basis in the record, and we overrule his first issue.








In his second issueCcaptioned ASpoliation,
Violation of Discovery Agreement@CWass apparently argues that the spoliation rule precludes the Johnsons
from denying that Kyle was on a mission for the family at the time of the accident.  The doctrine of spoliation refers to the
improper destruction of evidence relevant to a case.  Cresthaven Nursing Residence v. Freeman,
134 S.W.3d 214, 225 (Tex. App.CAmarillo 2003, no pet.); see also Trevino v. Ortega, 969 S.W.2d
950, 954 (Tex. 1998) (Baker, J., concurring). 
Wass does not explain what evidence the Johnsons destroyed.  Nor does he identify the Adiscovery agreement@ referenced in the issue statement. 
We therefore overrule his second issue. 
See Weaver v. Sw. Nat=l Bank, 813 S.W.2d 481,
482 (Tex. 1991); see also Tex. R.
App. P. 38.1.

In his third issue, Wass
argues that the trial court erred by granting summary judgment on his Afamily purpose doctrine@ claim.  But A[t]he >family
purpose doctrine= was long
ago rejected in Texas.@  Jones v. Hopper, 506 S.W.2d 768, 770
(Tex. Civ. App.CHouston
[14th Dist.] 1974, no writ) (citing Trice v. Bridgewater, 81 S.W.2d 63
(Tex. Comm=n App.
1935)).  Wass also argues that the
Johnsons are liable under the doctrine of respondeat superior, but he did not
plead that theory in the trial court and may not raise it for the first time on
appeal.  See Tex. R. Civ. P. 166a(c) (providing that
a trial court must rule on a summary judgment motion based on the pleadings on
file at the time of the hearing). 
Therefore, we overrule Wass=s third issue.








In his fourth issue, Wass
argues that the Johnsons are liable under the theory of negligent
entrustment.  But again, he failed to
plead negligent entrustment in the trial court, and he may not raise it for the
first time on appeal.  See id.  Therefore, we overrule his fourth issue.

                                             Conclusion

Having overruled all of Wass=s issues, we affirm the trial court=s judgment.

PER CURIAM

 

PANEL F:    GARDNER, J.; CAYCE, C.J.; and MCCOY, J.

 

DELIVERED:  January 10, 2008











[1]See Tex. R. App. P. 47.4.